Charles R. BROWN, Appellant,

v.

CONSOLIDATION COAL COMPANY and Federal Insurance Company, Appellees.

Supreme Court of Tennessee.

Dec. 16, 1974.

W. Keith McCord, Egerton, McAfee, Armistead, Davis & McCord, Knoxville, for appellees.

## OPINION

FONES, Chief Justice.

This workmen's compensation case is before us on the technical record only, the single issue being the authority of the trial judge to correct the weekly compensation rate and the amount of total benefits due the employee, Brown, for permanent total disability, upon petition of the employer filed approximately 14 months after entry of judgment.

Employee, Charles R. Brown, filed a complaint on April 29, 1971, seeking workmen's compensation benefits for the occupational disease known as coal worker's pneumonocosis. Employee alleged that he had last worked for employer, Consolidation Coal Company, on May 23, 1966, but that his occupational disease had been first diagnosed within the year preceding the filing of his bill. Employer answered, admitting that the plaintiff last worked for defendant on May 23, 1966. Other issues made by the answer are not relevant here.

The suit was partially tried in November, 1971, but leave granted employer to take and file a doctor's deposition delayed entry of the judgment until June 19, 1972. The judgment entered on that date contains a finding that the employee is entitled to permanent total disability and continues with the following recitals:

"In this case the Court further finds that complainant meets all requirements of the law as to employment, notice, etc., so as to be eligible for the foregoing award.

The Court finds that the complainant is entitled to disability benefits from the date of Dr. Swann's diagnosis, May 11, 1971, at the rate of $47.00 per week thereafter until the total of 400 weeks or

H. Calvin Walter, Knoxville, for appellant.

EIGHTEEN THOUSAND EIGHT HUNDRED ($18,800.00) DOLLARS has been paid."

On August 22, 1973, employer filed a petition seeking correction of the 1972 judgment. No responsive pleading was filed to said petition and, on December 10, 1973, the trial judge entered an order reciting that, after reviewing the record and the applicable law, and hearing argument of counsel, the Court was of the opinion that there was a mistake apparent on the face of the record, granted employer's petition and decreed a correction of the June, 1972 judgment, to reflect an award of $38.00 per week, limited to a total of $14,000.00.

Employer's petition alleges that all benefits paid to employee, to date, were at the weekly rate of $38.00; that in May of 1966, the compensation rate schedule provided for benefits of $38.00 per week, and a maximum of $14,000.00, for permanent total disability; that,

" . . . At the time the judgment was entered the applicable statutory provisions allowed benefits of $47.00 per week or a total of $18,800.00 and the mistake in the record is obviously due to the fact that the Court and attorneys inserted the figures applicable to benefits payable at the time the suit was tried rather than including in the judgment the benefits due the plaintiff under controlling law."

Effective July 1, 1971, the Legislature increased the benefits to be awarded under T.C.A. § 50–1007(d) from $47.00 per week, with a maximum of $18,800.00, to $55.00 per week, and a maximum of $22,000.00. It is therefore apparent that the mistake did not arise because the court and attorneys inserted the figures payable at the time the suit was tried. The benefits awarded in the June, 1972 judgment were those in effect on May 11, 1971, the date adjudged to be the date upon which disability benefits should begin, recited to be the disease diagnosis date.

Employer's petition for relief is predicated upon the assertion that the mistake made under the recited circumstances is a mistake "apparent on the face of the record", and seeks relief, "pursuant to T.C.A. § 20–1513, and other applicable law."

As noted above, in the order granting said relief the trial judge was of the opinion that, " . . . there is a mistake apparent on the face of the record." No other reason for granting relief is recited in said order.

At the time of entry of the June, 1972 judgment, T.C.A. § 20–1513, as well as § 20–1512 and § 20–1508 had been repealed, and were superseded by Rule 60 TRC. Said rule reads as follows:

## "RULE 60.  RELIEF FROM JUDGMENTS OR ORDERS

### 60.01 *Clerical Mistakes*

Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

### 60.02 *Mistakes; Inadvertence; Excusable Neglect; Fraud, etc.*

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or other-

wise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

The question of whether or not the error before the Court is "apparent on the face of the record" is no longer relevant, there being no reference to that class of errors in Rule 60.

Employee's single assignment of error asserts that the Court had no authority to grant the petition to correct the judgment because petition was filed more than one year after entry of the judgment. In brief and argument it is his contention that the error is not a clerical mistake, but falls within the classification set forth in Rule 60.02(1), mistake, inadvertence, surprise or excusable neglect, unavailable after passage of one year.

■ At first blush it would appear that the use of the incorrect rate schedule in awarding judgment in a workmen's compensation case could be classified as a clerical error. It can logically be stated that the act of turning to T.C.A. § 50–1007(d)

and reading therefrom the maximum weekly rate and the maximum total benefits that can be awarded is a ministerial act and that an error in inserting said figures in a judgment could be classified as a clerical mistake.

It is relevant, at this point, to observe that statutory benefit increases have been enacted in almost every legislative session over the past ten years or more. The Court can take judicial notice of the fact that awards in literally thousands of workmen's compensation cases have been made upon the principle that the applicable rate schedule is that schedule in effect upon the date of the employee's injury. However, that question was first adjudicated in a reported case, Cates v. T.I.M.E. DC., INC., 513 S.W.2d 508 (Tenn.1974). It has never been judicially determined in a reported case that the applicable rate schedule for occupational disease awards is controlled by the date the employee last worked, when the diagnosis was first made at a later date. In light of the foregoing observations, it must be obvious that the mistake made in the instant case was not a clerical mistake. The trial judge, having signed the order, must be presumed to have made a determination that the rate schedule in effect in May, 1971, was the applicable schedule. That determination, as elementary as it may be thought to be, involves a legal construction of the workmen's compensation laws, and is a judicial function, as distinguished from a ministerial or clerical act.

On the record before us, it is admitted that the applicable rate schedule is the one in effect in May, 1966, and we affirm that legal construction of the Workmen's Compensation Act.

In the absence of evidence bearing upon the reason for the draftsman's insertion of the May, 1971 compensation rate and the scope of the trial judge's judicial function performed at the time he signed the judgment approved by counsel for both parties, we are impeded in our effort to determine

whether the mistake was an oversight as contemplated in Rule 60.01 or a mistake, inadvertence, surprise or excusable neglect as contemplated in Rule 60.02. On the technical record we find that the error cannot be attributed to any of said reasons.

■ However, we hold that relief is available to the employer under Rule 60.-02(5), "any other reason justifying relief from the operation of the judgment."

■ This Court holds that the award of the correct workmen's compensation rates applicable to any given suit under said Act is of such overriding importance to employer and employee alike, that, in those cases where there is no dispute as to the date controlling the compensation rates, authority is vested by Rule 60.02(5) for the correction of error therein on motion made within a reasonable time and not limited to one year. Under the circumstances of this case, we find that employer's petition was brought within a reasonable time.

The purpose of the Workmen's Compensation Act is such that the courts of this State should have the authority to correct an error in awarding less than the full rate of compensation to which an employee is entitled, within a reasonable time after judgment. On the other hand, from the employer's viewpoint, whether insured or self-insured, the only constants in its financial exposure are the weekly rates and maximum benefits, the number and wages of their respective employees, and it is unjust to add the variable of errors in awarding more than the applicable compensation rates. Equity, justice, reason and a proper concept of the role of the courts in adjudicating workmen's compensation cases dictate the necessity of correcting errors within the limitation hereinabove stated. Thus we find, "other reason justifying relief from the operation of the judgment" in this case.

We are aware that this decision is contrary to the result reached in College Coal Mining Company v. Smith, 160 Tenn. 93, 21 S.W.2d 1038 (1929), and Shockley v. Morristown Produce & Ice Company, 171 Tenn. 591, 106 S.W.2d 562 (1937).

Both the change in law wrought by Rule 60 and this Court's view of the necessity of accuracy in decreeing the correct rate and maximum benefit under Workmen's Compensation Act justify departure from the result of said cases.

The order of the trial court, correcting the error in the rates of compensation to be awarded employee, is affirmed. The costs are divided equally between employer and employee.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.