Julius HILL, Plaintiff Appellant-Appellee,

v.

FOUR–LEAF COAL COMPANY,
Defendant Appellee-Appellant.

Supreme Court of Tennessee.

Oct. 27, 1975.

J. Gregory O'Connor, Knoxville, for appellant-appellee.

Robert R. Campbell, Knoxville, for appellee-appellant; Hodges, Doughty & Carson, Knoxville, of counsel.

## OPINION

HARBISON, Justice.

This is an action for workmen's compensation benefits, in which both parties have appealed from the final judgment of the trial court.

The employee, Julius Hill, is 55 years of age; he has no formal education and has worked as a coal miner most of his adult life. He had worked in underground coal mines for about fourteen years prior to his employment by the defendant below, Four-Leaf Coal Company. He then was employed by the defendant as a truck driver in a strip-mining operation, and he worked for the defendant for approximately nine years prior to terminating his employment on May 22, 1973.

The employee testified that in the underground coal mines he worked near the face of the seam, coupling cars, and in his employment for the defendant he drove trucks to and from a loader to a tipple. He testified that he was exposed to coal dust in the latter operation, both when the truck was loaded and when it was unloaded. His testimony was that he began experiencing difficulty in breathing more than a year prior to leaving his employment, and this condition gradually increased until he was finally forced to stop working for the defendant.

On June 11, 1973 the employee was examined by Dr. William K. Swann, stipulated to be a qualified specialist in thoracic surgery. Based upon this examination, Dr. Swann found the employee to be totally and permanently disabled from coal worker's pneumoconiosis, as such disability is defined in the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C.A. § 801 et seq., and the regulations issued pursuant thereto by the Secretary of Health, Education and Welfare. See *Moore v. Old Republic Insurance Company,* 512 S.W.2d 564 (Tenn.1974).

The criteria for total disability under said statute and regulations are different from and less stringent than those prescribed for total permanent disability under the Tennessee Workmen's Compensation Law. By Chapter 300 of the Public Acts of 1971, as amended by Chapter 699 of the Public Acts of 1972 (adjourned session), "all the presumptions, criteria and standards contained in or promulgated by reason of the Federal Coal Mine Health and Safety Act of 1969, Public Law 91–173, specified as the basis for determining eligibility of applicants for benefits because of said disease or its effects shall be used and be applicable" under the Tennessee Workmen's Compensation Act. T.C.A., § 50–1102. See also T.C.A. § 50–1105. The determination of total disability and the right to recover for coal worker's pneumoconiosis are governed by the federal act, and benefits, in amounts specified in T.C.A. § 50–1105, are to be paid, subject to limitations established in the federal statute.

In the trial of the case, however, no reference was made to the 1971 and 1972 Tennessee legislation or to the federal act. The case was tried and benefits were awarded by the trial court upon the basis and under the standards of the Tennessee Workmen's Compensation Act governing employees having total permanent disability. Following the trial, counsel for the employee filed a motion to amend the judgment, pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure, so as to provide for benefits as prescribed by the foregoing state and federal legislation dealing with coal miners. This motion was denied by the trial court. The employee appealed, and counsel for the employer stated at the bar of this Court that if the award below is affirmed, the employee is entitled to have the judgment corrected as prayed in his assignments of error.

While the employer in his assignments of error argues that the proof below would not sustain an award of total permanent disability under the standards generally applied in Tennessee workmen's compensation cases, there is ample material evidence to support a finding of total disability within the criteria governing this case. Under the federal regulations, total disability due to pneumoconiosis is established if the employee is prevented by the disease from engaging in gainful work in the immediate area of his residence requiring the skills and abilities comparable to those of any work in a mine or mines in which he previously engaged with some regularity over a substantial period of time and if his impairment can be expected to result in death or has lasted or can be expected to last continuously for at least twelve months. See *Moore v. Old Republic Insurance Company*, 512 S.W.2d 564, 568 (Tenn. 1974). The testimony of Dr. Swann and the testimony of the employee clearly established total disability from pneumoconiosis under these standards.

Although the employer has raised an issue of notice, this is dispensed with in the case of coal worker's pneumoconiosis where the claim is for total disability. T.C.A. § 50–1107.

The only remaining issue, therefore, under the assignments of error made by the employer, is whether or not the employee was "last injuriously exposed to the hazards of the disease" while in the employ of the defendant. T.C.A. § 50–1106. The trial court found that there was no injurious exposure, within the meaning of the statute, after the plaintiff left the employment of the defendant, and we are of the opinion that this finding is supported by material evidence.

The facts in this regard are not in dispute. Mr. Hill testified that he left the employ of the defendant on May 22, 1973, but that thereafter he worked for approximately four days for one Marion Teague, who was also engaged in a strip-mining operation. Mr. Hill drove a truck for this employer on four occasions, once during the week ending June 28, 1973, once in August, and one day each in January and February 1974. On the first two occasions when he drove, he worked approximately seven hours each day; he worked approximately three hours each day on the last two occasions. Mr. Hill did this work for and at the request of his son, who was a regular truck driver for Mr. Teague, in order to accommodate his son; all wages due to Mr. Hill for this work were actually paid to the son.

Mr. Hill testified that on each of these four occasions he was required to work in surroundings where there was coal dust, the circumstances being essentially the same as those during his regular employment with the defendant. He did not testify to any increased symptoms or additional difficulty as a result of any of these sporadic periods of work, however, nor was there any medical testimony that the work on any of these four occasions significantly contributed to the disability of the employee. As previously stated, Dr. Swann had examined Mr. Hill on June 11, 1973, some two weeks before the first occasion on which he

worked for Mr. Teague. The findings of the doctor that the employee was suffering total disability from coal worker's pneumoconiosis were based on this examination, and there is no other medical testimony in the record. Dr. Swann did testify in response to a general question that any exposure to dusty conditions would aggravate the breathing difficulties of the employee, but, as stated, there are no specific findings with respect to any of the occasions on which the employee worked as a substitute driver for his son.

We are of the opinion, therefore, that there is material evidence to support the finding of the trial court that there was no "injurious" exposure to the employee on these four occasions, and that nothing which occurred on any of them contributed in any significant or material degree to his total disability. See *Fields Plastics of Tennessee, Inc. v. Ownby*, 518 S.W.2d 356 (Tenn.1974).

The employer relies upon the case of *Tennessee Tufting Company v. Potter*, 206 Tenn. 620, 336 S.W.2d 539, 337 S.W.2d 601 (1960), in support of its contention that the employee was last injuriously exposed to the occupational disease in question while in the employ of Mr. Teague, so as to exonerate the defendant from liability. In that case, however, total permanent disability of the employee did not result until August 1958, although there had been recurring periods of temporary disability prior to May 1958. Under these facts, the Court held that the workmen's compensation insurer covering the employer on the later date was liable for the disability under the terms of T.C.A. § 50–1106. In the present case, however, there is no question from the medical testimony that the total disability of the employee, within the meaning of the federal and state statutes previously referred to, had occurred at the time the employee left the employment of the defendant, and there is no evidence of any significant or injurious exposure which in any way caused or contributed to the total disability in the

isolated work incidents occurring after May, 1973.

The assignments of error filed on behalf of the employer, therefore, are overruled and the judgment of the trial court awarding total disability from coal miner's pneumoconiosis is affirmed. The assignments of error on behalf of the employee are sustained, and the cause is remanded to the trial court for determination of the benefits to be awarded to the employee pursuant to the Federal Coal Mine Health and Safety Act of 1969 and the provisions of T.C.A. § 50–1105. See *Brown v. Consolidation Coal Company*, 518 S.W.2d 234 (Tenn.1974). Costs of the appeal are adjudged against the employer.

FONES, C. J., COOPER and HENRY, JJ., and INMAN, Special Justice, concur.