**Kathy L. MELTON, Appellee,**

v.

**FIRESTONE TIRE & RUBBER CO., INC., Appellant.**

Supreme Court of Tennessee.

Dec. 28, 1981.

David T. Hooper, Gracey, Maddin, Cowan & Bird, Nashville, for appellant.

Ken Burger, Burger, Fly & McFarlin, Murfreesboro, for appellee.

OPINION

FONES, Justice.

The only issue involved in this appeal by the employer in a workers' compensation case, is whether an amendment of its pleading was necessary as a prerequisite to asserting and proving that defendant had overpaid plaintiff, employee, for temporary total disability, entitling defendant to a credit against the permanent partial disability award.

Plaintiff filed a complaint alleging that she injured her left knee in the course and scope of her employment and had been treated by an orthopaedic surgeon. In paragraph III she alleged that she had been substantially disabled since the date of the injury but had been "permitted to return to her former job for brief periods of time"; that each time resulted in further aggravation of the knee injury and that as of the date of filing the complaint she was "off-duty" and being paid temporary total disability benefits by defendant's workers' compensation carrier. Paragraph IV of the complaint alleged a permanent injury and the prayers of the complaint sought an adjudication that she had sustained a work related injury, that she was entitled to a permanent partial disability award, and for general relief. Defendant filed an answer wherein it admitted that plaintiff sustained a compensable injury but denied the allegations of paragraphs III and IV.

Those pleadings put in issue the extent of plaintiff's period of temporary total disability, and the amount, if any, that defendant had paid toward satisfaction of its liability for temporary total disability. At the trial, it appeared from the deposition of the orthopaedic surgeon that plaintiff had attained maximum recovery from her injury, either on August 21, 1979, or on September 14, 1979. It also appeared that defendant's employees had gone on strike on September 10, 1979, and remained out until December 10, 1979. In the course of presenting the proof and contentions of the parties with respect to the termination date of the period of temporary total disability, defendant discovered that benefits had been paid for a period beyond the latest date testified by the only expert medical witness. Defendant then insisted that it was entitled to a set-off. Plaintiff countered that set-off was an affirmative defense under Tennessee Rules of Civil Procedure 8.03, and had not been timely pled. Defendant moved for leave to amend its pleadings to plead set-off as an affirmative defense. The trial judge took the matter under advisement and entered a decree wherein he denied the defendant's motion to amend, for the following reasons:

"(1) The claim [sic] set-off is an affirmative defense and should have been more timely filed pursuant to the Tennessee Rules of Civil Procedure.

(2) While the proof available with respect to the set-off was placed before the Court, the Court finds that that proof was inadequate to judicially resolve the issue."

■ The trial judge was in error in holding that set-off is an affirmative defense. We find it unnecessary to engage in a lengthy discussion of set-off as it existed in equity practice prior to the adoption of the Tennessee Rules of Civil Procedure and what changes were wrought by those rules because of its complete irrelevance to this workers' compensation case. See Tennessee Rules of Civil Procedure 13, especially 13.03.

In *Brown v. Consolidation Coal Company*, 518 S.W.2d 234 (Tenn.1974), the employee had been awarded a judgment for 400 weeks of benefits at the rate of $47.00 per week, the maximum statutory rate at the time the decree was entered, when in fact and law the correct applicable rate was $38.00 per week. We were confronted with the issue of whether the employer was entitled to relief under Tennessee Rules of Civil Procedure 60.02(5), providing for such relief from mistake made for, "any other reason justifying relief from the operation of the judgment." *Id.* at 237. There is no distinction in worker's compensation cases between adjudicating the correct compensation rate and adjudicating the correct period of temporary total disability and the amount of money paid by employer or its insurance carrier towards satisfaction of that obligation and awarding a debit or credit accordingly. All that we said in *Brown*, at page 238, with respect to correctly adjudicating the compensation rate is relevant here, especially the following:

"Equity, justice, reason and a proper concept of the role of the courts in adjudicating workmen's compensation cases dictate the necessity of correcting errors within the limitation hereinabove stated."

It was incumbent upon the trial court to hear all the evidence bearing upon the period of temporary total disability and to find the date upon which plaintiff reached maximum recovery under the proof presented and award to plaintiff weekly benefits at the appropriate compensation rate. *See Brown Shoe Co. v. Pipes*, 581 S.W.2d 140 (Tenn.1979); and *Simpson v. Satterfield*, 564 S.W.2d 953 (Tenn.1978). Next the Court should determine what sum, if any, defendant had paid in satisfaction of those benefits. If the defendant has overpaid temporary total benefits then it is entitled to credit for the excess against the benefits awarded for permanent partial disability.

■ Under the record that has been presented in this Court we find that the strike at the Firestone Plant has no relevance upon the issue of when plaintiff's temporary total disability period terminated.

The trial court having found that the proof with respect to the "set-off" was inadequate to judicially resolve the issue requires that we remand the case to the trial court, for further proceedings consistent with this opinion. Upon remand the parties may rely upon the proof presently in the record and adduce such additional proof on the issue as may be relevant.

The costs of this appeal are adjudged one-half against the plaintiff and one-half against the defendant.

HARBISON, C. J., and COOPER, BROCK and DROWOTA, JJ., concur.