**Melvin WALLACE, Appellant,**

v.

**AETNA LIFE AND CASUALTY COMPANY, Appellee.**

Supreme Court of Tennessee, at Knoxville.

March 12, 1984.

Art Roberts, Jr., James H. Hickman, III, Knoxville, for appellant.

Ray J. Campbell, Jr., Kennerly, Montgomery, Howard & Finley, Knoxville, for appellee.

OPINION

FONES, Chief Justice.

This case arises out of a petition to modify a final decree approving a worker's compensation lump sum settlement agreement.

Appellant injured his back during the course and scope of his employment on August 11, 1978. Appellant was examined and treated by three different physicians who diagnosed his back problem as "acute lumbosacral strain and spasm." A settlement was reached on April 17, 1980, finding appellant to have suffered a 20% permanent partial disability to the body as a whole. This settlement was approved by the chancellor who stated "the Court finds that this is a disputed claim, as to the nature and extent of the plaintiff's injury ...." A lump sum settlement of $8,000 was awarded. The total amount of the settlement was to be a full and final settlement of all claims appellant had under the worker's compensation laws by reason of his accidental injury on August 11, 1978.

Appellant continued to have problems with his back. On November 3, 1981, after having undergone a myelogram, it was determined that appellant had a ruptured disc. Thereafter, on October 22, 1982, appellant filed a petition to modify the final decree based upon a "mutual mistake of fact by and between the parties."

Appellee filed a motion to dismiss based on the fact that the petition to modify was filed more than one year after the final judgment was entered, therefore not stating a claim upon which relief could be granted under T.R.C.P. 60.02. This motion was granted. We affirm.

T.R.C.P. 60.02 provides in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence,

surprise or excusable neglect; .... The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

The language of this rule is clear and unambiguous. As the basis of the appellant's position was mistake, it had to have been brought within one year of entry of the final judgment. It was not. Accordingly, any relief based upon subsection (1) of T.R.C.P. 60.02 is barred.

Appellant asserts that under T.R.C.P. 60.02(5) there is no limitation that a motion for relief from a final judgment be filed within one year of the final judgment. *Brown v. Consolidation Coal Co.*, 518 S.W.2d 234 (Tenn.1974) is cited in support of the assertion. Subsection five of T.R.C.P. 60.02 provides that relief may be granted based upon "any other reason justifying relief from the operation of the judgment."

*Brown* was decided solely upon the basis that the case presented a question of overriding public importance. In that case, the trial judge erred in determining and applying the correct compensation rate.

■ *Brown*, however, has no application to the present case. The basis of this appeal is, in essence, that appellant settled on the basis of a back strain when the parties should have settled on the basis of a ruptured disc. We do not see how this can be characterized as anything other than a mistake, the original grounds relied upon in the petition. A claim cannot be asserted under subsection (5) of T.R.C.P. 60.02 simply because relief under other provisions is time barred. *Gaines v. Gaines*, 599 S.W.2d 561 (Tenn.App.1980).

Accordingly the judgment of the chancellor is affirmed and costs are adjudged against appellant.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.