IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

# FEDERATED INSURANCE COMPANY  v.  FRANCIS I. LETHCOE, ET AL.

**Direct Appeal from the Chancery Court for McMinn County**
**No. 18,715     Earl H. Henley, Chancellor**

---

**No. E1997-00048-SC-WCM-CV  —  Decided April 3, 2000**

---

This is an appeal from the Chancery Court for McMinn County which, pursuant to Tennessee Rule of Civil Procedure 60.02(5), modified a judgment that was previously entered in accord with a settlement agreement between the parties.  The appellants appealed and contended that the trial court improperly modified the judgment and reduced the benefits they were to receive according to the agreement.  The Special Workers' Compensation Appeals Panel affirmed the judgment of the trial court, and the appellants filed a motion for full review by this Court to determine whether a party can seek modification of a workers' compensation judgment for a fixed sum to be paid periodically almost two years after entry of judgment.  We hold that where a party agrees to settle a workers' compensation claim, and the trial court approves the settlement, the settling party is generally not entitled to relief pursuant to Rule 60.02(5).  Accordingly, we reverse the judgments of the trial court and the Special Workers' Compensation Appeals panel and remand this case to the trial court for further proceedings.

**Tenn. R. App. P. 3; Judgment of the Chancery Court Reversed; and Remanded**

BARKER, J., delivered the opinion of the court, in which DROWOTA, BIRCH, and HOLDER, JJ. joined.

Peter Alliman, Madisonville, Tennessee, for the appellants, Francis I. Lethcoe, et al.

David F. Harrod, Athens, Tennessee, for the appellee, Federated Insurance Company.

## OPINION

The principal issue in this case is whether, pursuant to Tennessee Rule of Civil Procedure 60.02(5), a party is entitled to relief from a judgment entered almost two years earlier in a workers' compensation case based upon a mutual mistake regarding the applicable law.[1]  We hold that where a party agrees to settle a workers' compensation claim, and the trial court approves the settlement,

---

[1]  We also directed the parties to file supplemental briefs addressing whether the doctrine of waiver bars Federated Insurance from seeking modification of a benefits award based on an inappropriate method of calculation where the issue was not raised in the initial petition.  However, our decision with regard to the primary issue renders analysis of the waiver issue unnecessary.

the settling party generally is not entitled to relief from judgment under Rule 60.02(5). Because Rule 60.02(5) is not to be used to relieve a party of its free, calculated, and deliberate choices, we also hold that the trial court abused its discretion in modifying the judgment. Accordingly, for the reasons herein, we reverse the Special Workers' Compensation Appeals Panel and remand this case to the trial court for further proceedings.

## BACKGROUND

On January 7, 1995, Vernon Lethcoe died after suffering serious injuries sustained in the course and scope of his employment with Bain & Holden Tire Company, Inc. (Bain & Holden). Shortly thereafter, Bain & Holden's workers' compensation carrier, Federated Insurance Company (Federated), filed a petition to apportion workers' compensation benefits among Mr. Lethcoe's wife and four children (the Lethcoes). In its petition, Federated stated: "Pursuant to statute plaintiff Federated acknowledges that the maximum benefit to which defendants are entitled would be One Hundred Fifty-three Thousand One Hundred Sixteen ($156,116.00) Dollars."[2]

The Lethcoes did not dispute Federated's interpretation of the amount owed. Pursuant to the understanding of the parties, the chancery court entered an order on May 12, 1995, requiring Federated to make periodic payments to the Lethcoes pursuant to the statute until it had paid $153,116.00. The award was based on the state's average weekly wage as determined by the department of employment security rather than on Vernon Lethcoe's weekly compensation rate.

On May 13, 1996, in Spencer v. Towson Moving & Storage, 922 S.W.2d 508 (Tenn. 1996), this Court rejected a similar interpretation of the Workers' Compensation Law. In Spencer, we held that

> [t]he maximum weekly benefit is to be determined based upon the employee's average weekly wage; not until the sixty-six and two-thirds percent of the employee's average weekly wages equals or exceeds [the statutorily prescribed] percentage of the state's average weekly wage does the court use the figure [based on] . . . the state's average weekly wage to determine the amount of the compensation payable to the dependents.

Id. at 510 (quotation marks omitted).

Following our decision in Spencer, Federated filed a petition on May 7, 1997, to modify the previous judgment. Federated argued that according to Spencer, the Lethcoes should have been paid sixty-six and two-thirds percent of Vernon Lethcoe's average weekly wage subject to the maximum weekly benefit. See Tenn. Code Ann. §§ 50-6-209(b)(1), -210(e) (1999). At his death, Vernon Lethcoe's average weekly wage was $395.80, and, consequently, the weekly compensation rate for payment of benefits was $263.87. Because the award of benefits was subject to the maximum total benefit of 400 weeks, see id. §§ 50-6-102(13)(C), -205(b)(1), the appropriate total award should have been $105,548.00.

In accordance with Spencer, the chancery court modified its prior judgment and reduced the amount of benefits to $105,548.00. The Special Workers' Compensation Appeals Panel affirmed that judgment. The Lethcoes then filed a motion for full review by this Court to determine whether a party can seek modification of a workers' compensation judgment for a fixed sum to be paid

---

[2] The $3,000.00 difference in this portion of Federated's petition appears to be the result of a typographical error on the part of Federated.

periodically almost two years after entry of judgment.

## DISCUSSION

Tennessee Rule of Civil Procedure 60.02 allows a party to seek relief from a final judgment on specific grounds such as mistake, inadvertence, surprise, excusable neglect, fraud, or in cases where the judgment is void. In addition to these grounds for relief, Rule 60.02(5) also provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Pursuant to Rule 60.02(5), Federated filed a petition to modify the chancery court's final judgment in this case.

A party seeking modification of a judgment under Rule 60.02(5) bears the burden of proving that it is entitled to relief. See Banks v. Dement Constr. Co., 817 S.W.2d 16, 18 (Tenn. 1991). In addition, the party must offer proof of the basis on which relief is sought. See id. Moreover, the motion for relief must be brought within a reasonable time after the judgment was entered. See Tenn. R. Civ. P. 60.02(5). Relief granted pursuant to Rule 60.02(5) is a matter within the trial court's discretion, and the trial court's decision will be reversed only for abuse of that discretion. See Toney v. Mueller Co., 810 S.W.2d 145, 147 (Tenn. 1991).

Relief under Rule 60.02(5) is only appropriate in cases of overwhelming importance or in cases involving extraordinary circumstances or extreme hardship. See Underwood v. Zurich Ins. Co., 854 S.W.2d 94, 97 (Tenn. 1993). Federated contends that this is a case of overwhelming importance, and that the chancery court's modification of the original judgment was justified under these circumstances.

To support its position, Federated relies on this Court's decision in Brown v. Consolidation Coal Co., 518 S.W.2d 234 (Tenn. 1974). In Brown, the trial court initially awarded workers' compensation benefits to an employee based on a rate schedule that was in place at the time the employee's occupational disease was first found to be disabling. See id. at 237. Fourteen months after the trial court's judgment, the employer filed a petition to correct that judgment on the grounds that the trial court should have instead used the rate schedule that was in effect on the date the employee last worked. See id. at 236. This Court granted relief to the employer under Rule 60.02(5) and held that

> the award of the correct workmen's compensation rates applicable to any given suit under said Act is of such overriding importance to employer and employee alike, that, in those cases where there is no dispute as to the date controlling the compensation rates, authority is vested by Rule 60.02(5) for the correction of error therein on motion made within a reasonable time and not limited to one year.

Id. at 238.

Federated's reliance on Brown, however, is misplaced. This Court granted relief in that case under Rule 60.02(5) because the initial award was based on an incorrect legal construction of the workers' compensation laws. See id. at 237-38. By contrast, the final judgment originally entered by the chancery court in this case was the result of an agreement between Federated and the Lethcoes. Although Federated argues before this Court that it had not reached an agreement with the Lethcoes concerning the total benefit, we are convinced otherwise. In its petition to apportion benefits, Federated explicitly stated: "Pursuant to statute plaintiff Federated acknowledges that the maximum benefit to which defendants are entitled would be One Hundred Fifty-three Thousand One

Hundred Sixteen ($156,116.00) Dollars." Federated additionally states in its petition to modify the original judgment that "all parties hereto were acting in reliance on existing legal authority in Tennessee that defendants would be entitled to a total payment, conditioned on their continued dependence, in the amount of $153,116.00." And the chancery court, in its opinion modifying the original award, stated that it was acting "upon statement of the attorney as it was deemed the rate should be up to [78%] of the state average weekly wage." Thus, the record clearly reflects the following: Federated proposed that the amount to which the Lethcoes were entitled was $153,116.00; the Lethcoes agreed; and the chancery court entered an order pursuant to this agreement.

While Rule 60.02(5) vests broad authority in the chancery court, this power "is not to be used to relieve a party from free, calculated, and deliberate choices [it] has made." Banks, 817 S.W.2d at 19. We note that Federated could have attempted to persuade the Lethcoes that some other method for calculating benefits should be used, or it could have litigated the case rather than reach an agreement with the Lethcoes. Federated did not do so. Further, even if the chancery court somehow erred in entering final judgment pursuant to the agreement, Federated could have appealed that decision. Yet, again, Federated took no action despite this Court's frequent admonition that "a party remains under a duty to take legal steps to protect his own interests." Banks, 817 S.W.2d at 19.

Although Rule 60.02(5) is an avenue of relief from a final judgment, the Rule is to be construed quite narrowly. See Underwood, 854 S.W.2d at 97. We have repeatedly expressed concern that reopening workers' compensation agreements frustrates legitimate goals of judicial economy and finality of settlements.[3] See Cox v. Martin Marietta Energy Sys., 832 S.W.2d 534, 538 (Tenn. 1992); Hale v. CNA Ins. Cos., 799 S.W.2d 659, 661 (Tenn. 1990). Given these policy considerations and the narrow construction of Rule 60.02(5), we are reluctant to adopt a rule that permits a party to deviate from the terms of a settlement simply because a more favorable construction of the workers' compensation statutes is subsequently announced by a higher court. If a party wants a more favorable construction of the workers' compensation statutes, it may bargain for one within the limitations imposed by the settlement provisions of the code.[4] See Tenn. Code Ann. § 50-6-206 (1999).

### CONCLUSION

We hold that where, as here, a party agrees to settle a workers' compensation claim and a final judgment is entered pursuant to that agreement, the settling party generally is not entitled to

---

[3] We note that modification of awards for periodic payments for more than six months may be appropriate in certain limited circumstances pursuant to Tennessee Code Annotated section 50-6-231 (1999).

[4] While the parties appear to contend that Tennessee courts applied a uniform method of computing the average weekly wage, our research does not reveal such a common interpretation. Rather, it appears that the first reported interpretation of the statute at issue was our decision in Spencer. Nevertheless, even if our decision in Spencer changed a commonly understood computation of the average weekly wage, modification of the original award still would not be appropriate. Cf. Penland v. Penland, 521 S.W.2d 222 (Tenn. 1975) (refusing to permit modification of a property settlement based on a change of law).

relief from judgment under Rule 60.02(5). We further hold that the chancellor abused his discretion in modifying the award in this case because Rule 60.02(5) may not be used to relieve a party of its free, calculated, and deliberate choices. Accordingly, we reverse the judgments of the trial court and the Special Workers' Compensation Appeals Panel, and we remand this case to the trial court for entry of judgment consistent with this opinion.

Costs of this appeal are taxed to the appellee, Federated Insurance Company.