IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 9, 2003 Session

## JAMES H. RANDALLS v. STANLEY G. HOPP, M.D. AND TENNESSEE ORTHOPAEDIC ALLIANCE, P.A.

Appeal from the Circuit Court for Davidson County
No. 97C-1444    Walter C. Kurtz, Judge

No. M2002-00771-COA-R3-CV - Filed April 24, 2003

This is an appeal from the denial of a motion to set aside dismissal of the action for failure to comply with the seventh scheduling order entered during the five year pendency of this case. Because the trial court clearly acted within its discretion in view of the history of the case, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., J., and WILLIAM B. CAIN, J., joined.

John M. Cannon, Goodlettsville, Tennessee, for the appellant, James H. Randalls.

Richard K. Smith, Kathleen W. Smith, Nashville, Tennessee, for the appellees, Stanley G. Hopp, M.D. and Tennessee Orthopaedic Alliance, P.A.

### OPINION

This is an appeal from the trial court's denial of plaintiff's Tenn. R. Civ. P. 59 motion to set aside the court's prior dismissal of the lawsuit for failure to comply with the most recent scheduling order. In denying the motion, the trial court found that the case arose from incidents occurring in 1996, was originally filed in May of 1997, had been previously dismissed in January of 2000 and then reinstated, and six previous scheduling orders had been filed, none of which were met by the plaintiff. The court found that the case had been pending too long without prosecution by the plaintiff, that the plaintiff had failed to comply with the court's orders, and, consequently the case had been properly dismissed.

The record fully substantiates the trial court's findings. The plaintiff filed his complaint on May 6, 1997, alleging that Dr. Hopp provided reports regarding his physical condition after an on-the-job injury to his employer and that Dr. Hopp had not examined or treated him. The plaintiff

alleged these erroneous reports resulted in denial of certain disability benefits. Tennessee Orthopedic Alliance was alleged to be liable as Dr. Hopp's employer or principal. Defendants answered on July 25, 1997.

On June 10, 1998, the court sent notice the action would be dismissed because it had been pending for over a year with no activity. This resulted in the first agreed scheduling order, and a second agreed scheduling order was filed December 31, 1998. This order required that before August 2, 1999, the parties agree to a trial date or file a motion to set the trial. Neither was done. On January 12, 2000, the trial court dismissed the action pursuant to Rule 18.02 of the Local Rules of Practice for want of prosecution. Plaintiff requested that the order of dismissal be set aside and stated that all written discovery had been completed, the parties' depositions had been taken, and the deposition of a final medical witness was set for two weeks later. With the completion of that deposition, Plaintiff asserted, the case should be ready for trial.

The trial court set aside the dismissal and a third agreed scheduling order was entered February 25, 2000, primarily setting deadlines for discovery. These deadlines were extended by an agreed order entered May 10, 2000. On July 25, 2000, the plaintiff moved to extend the deadline for deposing fact witnesses because some of those witnesses were located out of state. A joint agreed scheduling order was entered which extended the deadlines for deposition of fact and expert witnesses. The trial court added a handwritten notation that "a trial date shall be procured by May 1, 2001". Another joint agreed scheduling order was filed extending the discovery deadlines but retaining the deadline for procuring a trial date.

Six months later, on April 6, 2001, plaintiff's counsel filed a motion to withdraw. By order dated May 7, 2001, the motion was granted. Two days later, plaintiff's new primary counsel filed a motion to extend the existing scheduling order due to withdrawal of co-counsel. An agreed order extending the scheduling order was entered on June 18, 2001, which required, in part, that an order be entered setting the matter for trial before December 21, 2001. This was the last scheduling order; plaintiff failed to comply; and the trial court dismissed the case on January 10, 2002 because of that failure.

We review a trial court's decision on a Rule 59 motion to alter or amend or a Rule 60 motion for relief from judgment under an abuse of discretion standard. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Bradley v. McCleod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998), *overruled on other grounds in part by Harris v. Chern*, 33 S.W.3d 741, 744 (Tenn. 2000).

> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to the propriety of the decision made." A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citations omitted).

Based upon the record before us, demonstrating as it does the many accommodations in scheduling and an earlier setting aside of dismissal for failure to prosecute, we cannot find any abuse of discretion by the trial court.

The decision to deny the plaintiff's motion to set aside the judgment of dismissal is affirmed. Costs are taxed to the appellant, James H. Randalls, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE