IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 27, 2012 Session

## RON FAUSNAUGHT, JR., M. D. v. DMX WORKS, INC.

**Appeal from the Chancery Court for Bedford County**
**No. 27635    J. B. Cox, Chancellor**

**No. M2011-01911-COA-R3-CV - Filed June 8, 2012**

Defendant corporation, which failed to appear for trial, appeals the trial court's entry of a judgment against it. Defendant asserts that the trial court erred in denying its Tenn. R. Civ. P. 60.02 motion for relief from judgment and in awarding the plaintiff damages that exceeded the ad damnum clause of the complaint. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Robin G. Gordon, Nashville, Tennessee, for the Appellant, DMX Works, Inc.

Stephen James Zralek, Nashville, Tennessee, for the Appellee, Ron Fausnaught, Jr., M.D.

**OPINION**

BACKGROUND

On January 14, 2009, Dr. Ron Fausnaught, Jr., filed a complaint against DMX Works, Inc. seeking damages arising out of his purchase of an x-ray machine. Dr. Fausnaught asserted claims for breach of contract, violation of the Tennessee Consumer Protection Act, intentional interference with business relations, intentional and negligent misrepresentation, unjust enrichment, conversion, and breach of the duty of good faith and fair dealing. The complaint sought damages "for an amount under $75,000." After nearly eleven months of

procedural delays, DMX answered the complaint; thereafter, the case was set for trial on April 27, 2010.[1]

Trial was conducted as scheduled; however, DMX did not appear either through a corporate representative or by counsel. On May 7, 2010, the court entered its order granting Dr. Fausnaught actual damages of $111,090.49, which the court trebled to $333,271.47; the court also granted Dr. Fausnaught attorney fees, interest, and costs. On May 12, 2010, DMX filed a Motion for New Trial and/or Relief from Judgment under Tenn. R. Civ. P. 59 and 60; Dr. Fausnaught filed an opposition to the motion. By order of August 6, the court denied the motion.

DMX appeals and articulates the following issues:

1. Whether the trial court abused its discretion in not setting aside the judgment entered in this action.

2. Whether the trial court erred by failing to set aside or amend the final judgment in this action in light of the judgment exceeding the *ad damnum* clause prayed for by appellee.

---

[1] The procedural matters that led to DMX's delay in filing an answer were as follows: On March 6, 2009, Dr. Fausnaught filed a motion for default judgment, asserting that DMX had failed to answer the complaint. On March 20, the trial court entered an agreed order granting DMX until March 27 to file a responsive pleading. On March 27, DMX filed a motion to dismiss the complaint, asserting that the trial court did not have jurisdiction over DMX; Dr. Fausnaught opposed the motion. Initially, the court granted the motion, but after Dr. Fausnaught filed a motion to alter or amend, the court vacated its order of dismissal and on July 24 ordered the parties to participate in mediation. On August 14, the court granted counsel for DMX's motion to withdraw and gave DMX until September 14 to retain new counsel. On November 6, Dr. Fausnaught filed a second motion for default judgment, asserting that an answer had still not been filed; three days later, DMX filed its answer to the complaint. On November 20, the court denied Dr. Fausnaught's motion for default judgment, and entered a second order requiring mediation. On January 29, 2010, the court entered an order setting the matter for trial, stating that DMX "failed to participate 'in good faith' in the mediation" and "failed to respond to repeated requests by Plaintiff's counsel for input on selecting the trial date."

DISCUSSION

*I. The Trial Court's Denial of DMX's Motion for Relief from Judgment*

DMX asserts that the trial court erred in failing to grant its motion for relief from judgment,[2] and that the judgment should be set aside under Tenn. R. Civ. P. 60.02(1) or (5). DMX also asserts that the trial court's ruling constituted a default judgment and should be set aside pursuant to the 3-part test articulated in *Nelson v. Simpson*, 826 S.W.2d 483, 486 (Tenn. Ct. App. 1991).

As an initial matter, we dispose of the contention of DMX that a default judgment was entered against it. A default judgment is appropriate where "a party against whom a judgment for affirmative relief has failed to plead or otherwise defend . . . " the action. *See* Tenn. R. Civ. P. 55.01. The record shows that, despite several delays, DMX filed an answer in which it admitted the sale of the x-ray machine to Dr. Fausnaught, the execution of a warranty contract with him, and certain facts relating to its web page; the answer also denied salient factual allegations of the complaint, set forth affirmative defenses, and denied that Dr. Fausnaught was entitled to any relief. The action taken by the court at the trial of this case did not constitute a default judgment but, rather, was a judgment based on the issues joined by the pleadings and the testimony and evidence presented at the trial.[3] *See Barber & McMurry, Inc. v. Top-Flite Dev. Corp. Inc.*, 720 S.W.2d 469, 471 (Tenn. Ct. App. 1986) (holding that the record established the trial court's judgment was based on evidence presented at trial and was not a default judgment, even though defendant failed to appear for the trial).

The disposition of a Tenn. R. Civ. P. 60 motion for relief from a judgment lies within the discretion of the trial court, and this Court reviews the trial court's decision under the abuse of discretion standard. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010). This standard "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives," and "envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an

---

[2] Although DMX also sought a new trial pursuant to Tenn. R. Civ. P. R 59 in the same motion, DMX has not asserted on appeal that the court erred in not granting a new trial, and DMX's argument is limited to discussion of Tenn. R. Civ. P. 60. Accordingly, we do not review the court's order to the extent that it denied the motion for a new trial, and our review focuses on the denial of the Rule 60 motion.

[3] Inasmuch as the trial court did not enter a default judgment, the test articulated in *Nelson* is not applicable to this case.

illogical decision, or by resolving the case "on a clearly erroneous assessment of the evidence." *Henderson*, 318 S.W.3D at 335. When reviewing a discretionary decision, we presume that the trial court's decision was correct and review the evidence in the light most favorable to the decision. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999).

Tenn. R. Civ. P. 60.02(1) states that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect." The bar for obtaining relief from judgment on grounds of mistake, inadvertence, excusable neglect, or fraud is set very high, and the burden borne by the moving party is heavy. *DeLong v. Vanderbilt University*, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005). When seeking relief under Tenn. R. Civ. P. 60, the burden is on the moving party to set forth—in a motion or petition with supporting affidavits—facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise, or neglect. *Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn.1985).

Tenn. R. Civ. P. 60.02(5) acts as a catch-all provision and permits a court to set aside the judgment for "any other reason justifying relief from the operation of the judgment." Despite its broad language, our courts construe Tenn. R. Civ. P. 60.02(5) narrowly, and the bar for obtaining relief under Tenn. R. Civ. P. 60.02(5) is even higher than the bar for obtaining relief under Tenn. R. Civ. P. 60.02(1). *DeLong*, 186 S.W.3d at 511–12. Tenn. R. Civ. P. 60.02(5) is intended to provide relief only in the most compelling, unique, exceptional, and extraordinary circumstances, *Id.* at 512, and our Supreme Court has stated that the reasons for granting relief from a judgment under Tenn. R. Civ. P. 60.02(5) must be of "overriding importance." *Banks v. Dement Constr. Co.*, 817 S.W.2d at 19; *see also Gaines v. Gaines*, 599 S.W.2d 561, 564 (Tenn. Ct. App. 1980); *Brown v. Consolidation Coal Co.*, 518 S.W.2d 234, 238 (Tenn. 1974).

As grounds for its motion, DMX asserted:

[C]ounsel for Defendant would show that there was a miscommunication with the Defendant such that the Defendant was unaware of the trial date in this matter. The Defendant, by and through counsel, avers to this honorable court that they are ready willing and able to appear before this honorable court and defend the cause of action set forth herein. Defendant, by and through counsel will make any and all accommodations as are necessary to expedite a new trial should this honorable court deem same appropriate under the circumstances.

Although the trial court's order stated that an affidavit by John Jay Clark, counsel for DMX, was attached to the motion, the motion itself does not reference the affidavit or any other attachment, and the record does not contain an affidavit from Mr. Clark or any other person.

On the record before us, DMX has failed to show that it is entitled to relief under Tenn. R. Civ. P. 60.02(1) or (5). The case was set for trial by order entered January 29, 2010; attached to the order is a certificate of service, wherein counsel for Dr. Fausnaught attested that he mailed a copy of the order to Mr. Clark. DMX's motion does not assert that the copy of the order setting the trial was not received by counsel and does not explain why it was "unaware" of the trial date. The record does not include supporting affidavits, as required by Tenn. R. Civ. P. 60. Further, DMX has not asserted mistake, inadvertence, surprise, excusable neglect, or any other extraordinary circumstances, with supporting affidavits. The trial court did not err in denying the motion.

## II. *Judgment in Excess of Ad Damnum Clause*

DMX contends that the May 7, 2010 judgment, in which the court awarded actual damages of $111,090.49 plus treble damages, was void because the judgment exceeds the ad damnum clause of the Complaint, and that, because "the parties did not have a trial on the merits," DMX could not have impliedly or expressly consented to the amendment to the pleadings. DMX asserts that, because it did not attend the trial, the court's order constituted a default judgment, and therefore that Dr. Fausnaught was required to seek amendment to his complaint under Tenn. R. Civ. P. 15.01, which requires 15 days notice to the opposing party.

We have previously rejected DMX's contention that the court granted a default judgment; rather, the court proceeded to hold a trial on the merits. Following the presentation of his proof, Dr. Fausnaught moved to amend his pleadings to conform to the evidence, in accordance with Tenn. R. Civ. P. 15.02; this was the proper course of action.

Tenn. R. Civ. P. 15.02 provides in pertinent part as follows:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment . . . . Provided, however, amendment after verdict so as to increase the amount sued for in the action shall not be permitted.

Tennessee law and policy favors permitting litigants to amend their pleadings, thereby enabling disputes to be resolved on their merits rather than on legal technicalities. *Hardcastle v. Harris*, 170 S.W.3d 67, 80 (Tenn. Ct. App. 2004). The disposition of a motion to amend is within the sound discretion of the trial court and will be reversed only for an abuse of discretion. *March v. Levine*, 115 S.W.3d 892, 908 (Tenn. Ct. App. 2003); *Harden v. Danek Med., Inc.*, 985 S.W.2d 449, 454 (Tenn. Ct. App. 1998).

DMX's absence from the trial does not limit either Dr. Fausnaught's right to amend his pleadings to conform to the proof or the trial court's discretion to grant such a motion.[4] The amendment did no more than to make Dr. Fausnaught's prayer for relief conform to the proof. Dr. Fausnaught timely moved to amend the complaint to conform to the proof prior to the court's entry of judgment, as allowed by Tenn. R. Civ. P. 15.02. The record in this case does not show an abuse of discretion in permitting the amendment.

CONCLUSION

For the aforementioned reasons, the judgment of the Chancery Court for Bedford County is affirmed.

_____
RICHARD H. DINKINS, JUDGE

---

[4] In any event, nothing in the record indicates that Dr. Fausnaught's motion would not have been granted if DMX had been present and objected to the motion.