IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 5, 2018 Session

## JULIE MARIE ALEXANDER v. SEAN STEPHEN ALEXANDER

**Appeal from the Circuit Court for Sumner County**
**No. 2010-CV-1377     Joe Thompson, Judge**

_____

### No. M2017-01475-COA-R3-CV

_____

This post-divorce appeal concerns the court's denial of the mother's motion for relief from an order of the court calculating her child support arrearage. We reverse the court's denial of relief and hold the challenged judgment void. We remand for further hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which ANDY D. BENNETT, and RICHARD H. DINKINS, JJ., joined.

Julie Marie Alexander, Hendersonville, Tennessee, pro se.

Joseph Y. Longmire, Jr., Hendersonville, Tennessee, for the appellee, Sean Stephen Alexander.

### OPINION

### I.     BACKGROUND

Julie Marie Alexander ("Mother") and Sean Stephen Alexander ("Father") were married on March 19, 2005. Two children ("the Children") were born of the marriage. The Parties separated in August 2010 and then filed for an uncontested divorce on November 2, 2010, with an attached marital dissolution agreement ("MDA"). The MDA provided that neither party would remit child support "[d]ue to the income of each party and the number of overnights the [Children] spend with each party."

The case proceeded to hearing on February 4, 2011, at which the trial court considered the MDA submitted by the parties that included a waiver of child support. The court adopted the MDA but entered a permanent parenting plan that tasked Mother

with remitting child support in the amount of $773 per month. However, the supporting child support worksheet cited in the parenting plan and also adopted by the trial court provided for a downward deviation of support to $0 per month in light of Mother's agreement to "take responsibility for college education fund." Further, the worksheet provided a final child support obligation of $0 and included the following comment:

> Child support will not be necessary. Neither party wishes to accept money from the other parent.

Mother never remitted child support; however, she remitted some payment to a college savings account for the Children. On July 6, 2015, Mother filed a petition for modification of the permanent parenting plan referenced in the 2011 divorce decree. She sought increased co-parenting time and designation as the primary residential parent based upon an alleged material change in circumstances.

Father responded by requesting dismissal of Mother's petition and filing a counter-petition of his own, requesting the court to hold Mother in contempt for her failure to remit child support pursuant to the terms of the permanent parenting plan. Father then filed a motion to dismiss Mother's petition, citing her failure to include a proposed parenting plan as required by Tennessee Code Annotated section 36-6-405. Mother then filed a proposed parenting plan that provided for her designation as the primary residential parent and awarded each party equal co-parenting time. The proposed plan included the following provision for retroactive child support:

> A judgment is hereby awarded in the amount of $TBD to [Father] against the child support payor representing retroactive support required under [the income shares child support guidelines] dating from February 4, 2011[,] which shall be paid (including pre/post judgment interest) at the rate of $100 per month until the judgment is paid in full.

The case proceeded to a hearing, after which the court entered a judgment, dated June 1, 2016, providing for Mother's voluntary nonsuit of her petition to modify and awarding Father $59,169.21 in unpaid child support and $8,500 in attorney's fees.

Mother then filed a motion to quash the execution of the judgment on August 11, 2016, alleging that she did not owe the debt, that she was not notified of the action, and that the amount garnished exceeded the allowable amount and included exempt property, leaving her without funds to purchase gas, pay her mortgage and utilities, and buy groceries. The case proceeded to a hearing, after which the court found that Mother was only entitled to a return of $1,009.11.

Mother then filed a petition for reduction of her child support obligation on September 22, 2016, claiming that a significant variance or change in circumstances based upon Father's income and a failure to properly calculate the amount owed. Mother also cited Rule 60.02 of the Tennessee Rules of Civil Procedure in support of her request for relief from the judgment. A flurry of litigation then ensued; a Rule 60.02 motion to vacate the June 2016 judgment was included in the filings. In this motion, Mother sought to set aside the judgment entered against her for unpaid child support and attorney fees, claiming, inter alia, that she was not present at the hearing and that the June 2016 judgment was void because it was predicated upon a final decree that incorporated a provision not requiring child support.

As pertinent to this appeal, the court denied the motion for Rule 60.02 relief. Mother then filed a renewed Rule 60.02 motion to vacate the June 2016 order as void and a request for interlocutory appeal. The court denied the request for interlocutory appeal and also denied the second motion for Rule 60.02 relief. This appeal followed. Father sought dismissal of the appeal for lack of a final judgment. We denied Father's request for dismissal but held that the only issue this court will consider on appeal raised by Mother is whether the trial court erred in denying the Rule 60.02 motion.

## II.     ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.     Whether the court abused its discretion in denying Rule 60.02 relief.

B.     Whether Father is entitled to attorney fees on appeal.

## III.     STANDARD OF REVIEW

A trial court's award or denial of relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure is generally reviewed under an abuse of discretion standard. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Ferguson v. Brown*, 291 S.W.3d 381, 386 (Tenn. Ct. App. 2008). However, our Supreme Court recently held that a Rule 60.02(3) motion to set aside a judgment as void must be reviewed under a de novo standard of review with no presumption of correctness. *Turner v. Turner*, 473 S.W.3d 257, 268-69 (Tenn. 2015). The Court further determined that "[a]ny factual findings a trial court makes shall be reviewed de novo, with a presumption of correctness, unless the evidence preponderates otherwise." *Id.* (citing Tenn. R. App. P. 13(d)).

# IV.   DISCUSSION

## A.

Mother asserts that the court abused its discretion in denying her Rule 60.02 motion for relief from the June 2016 order.  Father responds that the court did not abuse its discretion in denying relief when her arguments can only be construed as a challenge to the 2011 divorce decree and the attached parenting plan.  He notes that neither party challenged the court's modification of the parenting plan and the inclusion of a child support provision.

A final judgment may be set aside pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure when

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud [ ], misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Relief under this rule is considered "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992).  The function of the rule is to "strike a proper balance between the competing principles of finality and justice." *Banks v. Dement Constr. Co., Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991) (quoting *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)).  "Rule 60.02 is meant to be used only in those few cases that meet one or more of the criteria stated." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).

Mother's argument at the trial court level was based upon her allegation that the June 2016 judgment was void.  Our Supreme Court provided the following guidance on the issue:

> A judgment of a court of general jurisdiction is presumed to be valid and will be held void only when its invalidity is disclosed by the face of that judgment, or in the record of the case in which that judgment was rendered. A judgment is absolutely void if it appears on the face of the record itself

either that the Court had no general jurisdiction of the subject matter, or that the judgment is wholly outside of the pleadings, and no consent thereto appears. A judgment is void as to any person shown by the record itself not to have been before the Court in person, or by representation. A judgment not prima facie void is valid and binding.

\* \* \*

If the defect allegedly rendering the challenged judgment void is not apparent from the face of the judgment or the record of the proceeding from which the challenged judgment emanated and must instead be established by additional proof, the judgment is merely voidable, not void.

*Turner*, 473 S.W.3d at 270-71 (internal citations and quotations omitted).

The challenged judgment, dated June 1, 2016, concerns the amount of child support arrearage owed pursuant to the permanent parenting plan and attached child support worksheet, entered on February 4, 2011. In this state, child support is governed by Tennessee Code Annotated section 36-5-101. "In making the court's determination concerning the amount of support of any minor child or children of the parties, the court shall apply, as a rebuttable presumption, the child support guidelines" that are promulgated by the Tennessee Department of Human Services Child Support Service Division. Tenn. Code Ann. § 36-5-101(e)(1)(A). The guidelines "are a minimum base for determining child support obligations. The presumptive child support order may be increased according to the best interest of the child for whom support is being considered, the circumstances of the parties, and the rules of [the] chapter." Tenn. Comp. R. & Regs. 1240–02–04–.01(4). The guidelines provide,

(1) Required Forms

(a)    These rules contain a Child Support Worksheet, a Credit Worksheet, Instructions for both Worksheets, and the Child Support Schedule which shall be required to implement the child support order determination.

(b)    The use of the Worksheets promulgated by the Department is *mandatory* in order to ensure uniformity in the calculation of child support awards pursuant to the rules.

\* \* \*

(e)     The completed Worksheets *must be maintained as part of the official record* either by filing them as exhibits in the tribunal's file or as attachments to the order.

Tenn. Comp. R. & Regs. 1240–02–04–.04(1) (emphasis added).

Here, the arrearage at issue in the June 2016 judgment was calculated pursuant to the amount listed in the 2011 permanent parenting plan; however, the permanent parenting plan adopted the child support worksheet that provided for a downward deviation from the adjusted support obligation to an amount of $0 per month. This worksheet was also included in the official record of the court as required. Accordingly, we conclude that the challenged June 2016 judgment, calculating the amount of the child support arrearage and attorney fees owed for failure to pay support, is void.

Relief from the judgment is also warranted pursuant to Rule 60.02(5) given the nature of the record before this court. The record reflects that the Parties adhered to the downward deviation reflected in the child support worksheet and that Father did not request support until Mother filed her petition to modify the permanent parenting plan, all while Mother contributed to the Children's college fund as agreed. With all of the above considerations in mind, we reverse the judgment of the trial court and hold the June 2016 judgment void.

B.

Father asserts that this appeal is frivolous and not in good faith. He seeks an award of his attorney's fees and costs pursuant to Tennessee Code Annotated section 27-1-122.[1] We deny Father's request because this appeal was not frivolous.

**V.     CONCLUSION**

We reverse the decision of the trial court and remand for further proceedings. Costs of the appeal are taxed to the appellee, Sean Stephen Alexander.

_____
JOHN W. McCLARTY, JUDGE

---

[1] "When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal."