IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 8, 2008

## STATE OF TENNESSEE, EX REL., MARGARET V. HICKMAN v. RONALD L. DODD

**Direct Appeal from the Chancery Court for Gibson County**
**No. H-3075     George R. Ellis, Chancellor**

**No. W2008-00534-COA-R3-CV - Filed November 21, 2008**

This is a Title IV-D child support case.  Appellee father executed a voluntary acknowledgment of paternity and a consent paternity order.  After discovering that he was not the child's biological father, Appellee sought relief from both his retroactive and future child support obligations.  The trial court granted Appellee's motion on the ground that he was not the biological father.  The State of Tennessee seeks review of the trial court's decision.   We conclude that the trial court did not have authority to forgive Appellee's child support arrears.  Moreover,  Appellee has neither alleged sufficiently specific facts to challenge the voluntary acknowledgment of paternity as required under Tenn. Code. Ann. § 24-7-113, nor has he satisfied the necessary requirements of Tenn. R. Civ. P. 60.02 to gain relief from either the consent paternity order, or the order on child support entered in the chancery court.   We reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Juan G. Villaseñor, Nashville, TN, for Appellants

Robert Kinton, Trenton, TN, for Appellee
Thomas F. Bloom,  Nashville, TN, for Appellee

### OPINION

Appellee Ronald F. Dodd and Kelly June Dodd were married on June 23, 1990.  On November 7, 1988, which was prior to her marriage but during her relationship with Mr. Dodd, Ms. Dodd gave birth to the minor child at issue in this case. On November 8, 1988, Mr. Dodd executed

a Voluntary Acknowledgment of Paternity ("VAP") pursuant to Tenn. Code. Ann. §68-3-305. On October 19, 1991, Mr. Dodd and Ms. Dodd also executed a "Consent Paternity Order" in the Juvenile Court of Gibson County, wherein Mr. Dodd admits and acknowledges that he is the natural father of the child.[1]

On May 23, 1994, the Gibson County Chancery Court granted Ms. Dodd a divorce by default against Mr. Dodd. As noted in the final decree of divorce, the minor child was in the temporary custody of the maternal great-grandmother, Margaret Hickman, at the time of the entry of the decree. Mr. Dodd was ordered to pay $50 per week in child support; Ms. Dodd was ordered to pay $20 per week in support.

On May 8, 1995, the trial court granted Mr. Dodd's petition to reduce his child support obligation to $44 per week. Some ten years later, on August 19, 2005, the Appellant State of Tennessee, on behalf of Ms. Hickman, petitioned the court to modify Mr. Dodd's support obligation to comply with the Tennessee Child Support Guidelines. On September 25, 2005, the trial court granted the State's petition, increasing Mr. Dodd's child support obligation to $430 per month. The court further ordered that Mr. Dodd "continue to liquidate the retro support herein at the rate of $21.65 per month."

On November 9, 2005, Mr. Dodd filed a "Motion to Cease Child Support." As grounds, Mr. Dodd asserts that Ms. Dodd "recently advised [Mr. Dodd] that he [is] actually not the natural Father of the minor child...." Mr. Dodd further asserts that, based upon this information, he obtained parentage testing, which excluded him as the child's father. On May 18, 2006, the trial court ordered the parties to submit to DNA testing. The results of that test indicate that Mr. Dodd is not the biological father of the minor child. Based upon this finding, the trial court entered an Order on August 11, 2006 relieving Mr. Dodd of any child support obligation going forward. The trial court also "forg[a]ve and dismiss[ed] any arrears...." The State filed a motion to alter or amend this order, which was denied by the court on April 24, 2007. The State appeals and raises two issues for review as stated in its brief:

> I. The trial court erred when it retroactively modified Mr. Dodd's support obligation by forgiving arrears owed by him.

---

[1] We note that this case involves orders entered in both the juvenile court and the chancery court. Prior to July 1, 2003, Tenn.Code Ann. § 37-1-103(a)(2) gave the juvenile court exclusive original jurisdiction over all paternity cases. Effective July 1, 2003, the provision of subsection (a)(2) of Tenn.Code Ann. § 37-1-103 establishing jurisdiction over paternity cases was deleted, and Tenn.Code Ann. § 37-1-104(f) was amended to add the following language: "Notwithstanding any provision of law to the contrary, the juvenile court has concurrent jurisdiction with the circuit and chancery court of proceedings to establish the paternity of children born out of wedlock and to determine any custody, visitation, support, education or other issues regarding the care and control of children born out of wedlock."

II. The trial court erred by ceasing Mr. Dodd's child support obligation despite the existence of a valid agreed order of paternity entered in the Gibson County Juvenile Court.[2]

The issues presented involve questions of law. As such, we review the trial court's decision *de novo* upon the record with no presumption of correctness. Tenn. R. App. P. 13(d). Tenn. Code Ann. § 36-5-101(f)(1) (2005) provides:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. **Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties**. If the full amount of child support is not paid by the date upon which the ordered support is due, the unpaid amount is in arrears and shall become a judgment for the unpaid amounts and shall accrue interest from the date of the arrearage at the rate of twelve percent (12%) per annum. All interest which accumulates on arrearages shall be considered child support. Computation of interest shall not be the responsibility of the clerk.

(Emphasis added).

Furthermore, our Supreme Court has held in ***Rutledge v. Barrett***, 802 S.W.2d 604 (Tenn.1991) that, pursuant to the above statute, a child support order is not subject to retroactive modification. ***Id***. at 605-607; ***see also Alexander v. Alexander***, 34 S.W.3d 456, 46 (Tenn. Ct. App.2000) (providing that "a court has no power to alter a child support award as to any period of time occurring prior to the date on which [a parent] files his or her petition."). Accordingly, a trial court may not retroactively forgive a child support arrearage, but may only modify child support obligations back to the date that a petition or motion for modification is filed and notice is provided to the non-moving party. Consequently, the trial court lacked the authority to retroactively modify the child support order and forgive Mr. Dodd's arrearage.

---

[2] On November 30, 2007, this Court issued a show cause order requiring the State to answer why the appeal should not be dismissed because the order appealed was deemed not final. The State conceded that the order appealed was not final, and this Court dismissed the original appeal on December 27, 2007. In subsequent proceedings in the trial court, the trial court ruled on the outstanding claims and entered a second order on February 21, 2008, which order purported to be final. Upon review, this Court again determined that the order appealed was not final based upon the trial court's failure to assess costs. On October 15, 2008, we entered a second show cause order giving the State ten days within which to obtain a final order. In response, the State has supplemented the appellate record with an October 24, 2008 order. From our review, the order appealed is now final and this Court has jurisdiction to proceed with the adjudication of the appeal.

Having determined that the trial court's forgiveness of Mr. Dodd's child support arrearage was error, we now address whether the trial court erred in relieving Mr. Dodd of his support obligation going forward. Mr. Dodd's "Motion to Cease Child Support" avers, in pertinent part:

> 2. That [the child] was born during this relationship [between Mr. Dodd and Ms. Dodd] and Ronald L. Dodd was led to believe he fathered said child.
>
> ***
>
> 5. That the Mother, Kelly Dodd, of the minor child, recently advised Ronald L. Dodd, that he was actually not the natural Father of the minor child...of whom he has been supporting since [] birth.

From the motion, we cannot determine whether Mr. Dodd is proceeding under Tenn. R. Civ. P. 60.02 for relief from the 1991 consent order of paternity and/or the orders on child support, or whether he is seeking relief from the 1988 VAP on the ground of fraud in the procurement thereof. In order to give Mr. Dodd the benefit of the doubt, we will analyze his motion as both a motion for relief from the VAP and as a Tenn. R. Civ. P. 60 motion for relief from the orders entered in the chancery court.

A VAP serves as a mechanism by which unmarried fathers may "legally establish their paternity without the intervention of the court." **State ex rel. Parks v. Parks**, No. W2005-00957-COA-R3-JV, 2006 WL 2032560, at *6 (Tenn.Ct.App. Jul.19, 2006) (quoting **In re C.A.F.**, 114 S.W.3d 524, 528 (Tenn. Ct. App.2003)).

Tenn. Code Ann. § 24-7-113 states in pertinent part:

> (a) A voluntary acknowledgment of paternity which is completed under the provisions of § 68-3-203(g), § 68-3-302, or § 68-3-305(b) or under similar provisions of another state or government shall constitute a legal finding of paternity on the individual named as the father of the child in the acknowledgment, subject to rescission as provided in subsection (c). The acknowledgment, unless rescinded pursuant to subsection (c), shall be conclusive of that father's paternity without further order of the court.
>
> (b)(1) A voluntary acknowledgment of paternity which is completed under the provisions of § 68-3-203(g), § 68-3-302, or § 68-3-305(b), or under similar provisions of another state or government, when certified by the state registrar or other governmental entity maintaining the record of the acknowledgment, or the copy of the

-4-

voluntary acknowledgment completed pursuant to § 68-3-302(e), shall be a basis for establishing a support order without requiring any further proceedings to establish paternity.

(2) An acknowledgment of paternity executed as described in subdivision (b)(1) shall be entitled to full faith and credit in any judicial or administrative proceeding in this state.

(3) No judicial or administrative proceedings are required, nor shall any such proceedings be permitted, to ratify an unchallenged acknowledgment of paternity in order to create the conclusive status of the acknowledgment of paternity.

(c) A signatory to a voluntary acknowledgment shall be permitted to rescind the voluntary acknowledgment at the earlier of:

(1) The completion and submission of a sworn statement refuting the named father on a form provided by the state registrar. This form must be filed in the office of vital records of the department of health together with the fee required by the registrar within sixty (60) days of the date of completion of the acknowledgment; or

(2) Within the sixty-day period following completion of the acknowledgment, at any judicial or administrative proceeding during that period at which the signatory is a party and which proceeding relates to the child, by completion of the form described in subdivision (c)(1) or by the entry of an order by the administrative or judicial tribunal which directs the rescission of such acknowledgment.

* * *

(e)(1) If the voluntary acknowledgment has not been rescinded pursuant to subsection (c), the acknowledgment may only be challenged on the basis of fraud, whether extrinsic or intrinsic, duress, or material mistake of fact.

(2) The challenger must institute the proceeding upon notice to the other signatory and other necessary parties including the Title IV-D

-5-

agency within five (5) years of the execution of the acknowledgment, and if the court finds based upon the evidence presented at the hearing that there is substantial likelihood that fraud, duress, or a material mistake of fact existed in the execution of the acknowledgment of paternity, then, and only then, the court shall order parentage tests. Such action shall not be barred by the five (5) year statute of limitations where fraud in the procurement of the acknowledgment by the mother of the child is alleged and where the requested relief will not affect the interests of the child, the state, or any Title IV-D agency. Nothing herein shall preclude the challenger from presenting any other form of evidence as a substitute for the parentage tests if it is not possible to conduct such tests.

Tenn. Code Ann. § 24-7-113.

The purpose of the VAP statute is to make it possible to decree child support orders without first having to go through a paternity proceeding. *See Parks*, 2006 WL 2032560, at *6; *In re C.E.F.*, 114 S.W.3d at 530. Tenn. Code Ann. § 24-7-113(e) specifically provides that after sixty days from the execution of a VAP, it may only be challenged on the basis of "fraud, whether extrinsic or intrinsic, duress, or material mistake of fact," and that challenge must be made within five years of the date the VAP was executed.. Tenn. Code Ann. § 24-7-113(e). After five years have elapsed from the date of the VAP execution, the VAP may only be challenged under a fraud theory. *Id*. In this case, Mr. Dodd executed the agreed order of parentage on October 19, 1991.  His petition to cease child support was filed on November 9, 2005–some fourteen years after the execution of the VAP. As set out above Mr. Dodd states only that he "was led to believe he fathered said child," and that Ms. Dodd "recently advised [him] that he was actually not the natural Father...."

Tenn. R. Civ. P. 9.02 states:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity....

The Advisory Commission Comments to the Rule state, in relevant part:

The requirement in Rule 9.02--in averments of fraud or mistake the circumstances constituting fraud or mistake must be set forth with particularity--is not intended to require lengthy recital of detail. Rather, the Rule means only that general allegations of fraud and mistake are insufficient; the pleader is required to particularize, but by the "short and plain" statement required by Rule 8.01.

Mr. Dodd's petition to cease his support obligation does not contain the particular "circumstances constituting fraud or mistake." Consequently, the petition is insufficient to challenge the execution of the VAP.

In several earlier decisions, this court has considered the issue of whether a putative father may be relieved of the obligation to support a child when blood or DNA testing conclusively establishes that the child is not his own. *See Taylor v. Wilson*, No. W2004-00275-COA-R3-JV, 2005 WL 517548 (Tenn.Ct.App. March 3, 2005); *Richards v. Read*, No. 01A01-9708-PB-00450, 1999 WL 820823 (Tenn.Ct.App. July 27, 1999); *Harmon v. Harmon*, No. 02A01-9709-CH-00212, 1998 WL 835563 (Tenn.Ct.App. Dec.3, 1998). We have previously stated, "Tennessee law strongly favors requiring biological parents to bear responsibility for their own children, and that this policy also favors relieving putative fathers of the burden of supporting children who have been shown, through conclusive evidence such as DNA testing, not to be their natural offspring." *Taylor*, 2005 WL 517548, at *1. However, when a man executes a VAP, he acknowledges that he accepts the responsibility of being a parent to the child. The VAP statute specifically requires an allegation of fraud in the procurement of the VAP when a challenge is made more than five years after execution of the VAP. In this case, Mr. Dodd has not alleged fraud with sufficient specificity to satisfy Tenn. R. Civ. P. 9.02. In the absence of such specificity, we find that the statute of limitations for challenging the VAP has expired, and the trial court erred in rescinding the VAP that was executed in this case.

Tenn. R. Civ. P. 60.02 states, in relevant part:

> **60.02. Mistakes —Inadvertence —Excusable Neglect —Fraud, etc. —** On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken....

Assuming that Mr. Dodd's motion is one for relief under Tenn. R. Civ. P. 60.02, we conclude that any relief thereunder would necessarily be based upon Tenn. R. Civ. P. 60.02(1), (2), (4), or (5). We will address each of these grounds for relief in turn. We first note that relief under Tenn. R. Civ. P. 60.02 is considered "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn.1992). The function of Rule 60.02 is "to strike a proper balance between the competing

principles of finality and justice." ***Jerkins v. McKinney***, 533 S.W.2d 275, 280 (Tenn.1976). Rule 60.02 operates as "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." ***Thompson v. Fireman's Fund Ins. Co.***, 798 S.W.2d 235, 238 (Tenn.1990). However, "[b]ecause of the 'principle of finality,' the 'escape valve' should not be easily opened." ***Banks v. Dement Constr. Co.***, 817 S.W.2d 16, 18 (Tenn.1991) (quoting ***Toney v. Mueller Co.***, 810 S.W.2d 145, 146 (Tenn.1991)). To set aside a judgment under Rule 60.02 the burden is upon the movant to prove that he is entitled to relief, and there must be proof of the basis on which relief is sought. ***See Brumlow v. Brumlow***, 729 S.W.2d 103, 106 (Tenn.Ct.App.1986); ***Jefferson v. Pneumo Servs. Corp.***, 699 S.W.2d 181, 186 (Tenn.Ct.App.1985). A motion for relief from a judgment pursuant to Rule 60.02 addresses the sound discretion of the trial judge. Accordingly, the scope of review on appeal is limited to whether the trial judge abused his discretion. ***See Toney v. Mueller Co.***, 810 S.W.2d 145 (Tenn.1991); ***Travis v. City of Murfreesboro***, 686 S.W.2d 68, 70 (Tenn.1985).

As discussed above, Mr. Dodd's averment of fraud is not sufficiently specific to satisfy the requirements of Tenn. R. Civ. P. 9.02. Moreover, Mr. Dodd's motion was not filed within the one-year time period allowed for relief on the grounds of either fraud or mistake. Tenn. R. Civ. P. 60.02. Consequently, the only subsections of Tenn. R. Civ. P. 60.02 upon which Mr. Dodd may gain relief from his support obligation are (4)–"it is no longer equitable that a judgment should have prospective application," or (5)–"any other reason justifying relief from the operation of judgment."

The sole basis for Mr. Dodd's petition for relief is that genetic testing has shown that he is not the biological father. In ***Welch v. Welch***, 195 S.W.3d 72 (Tenn. Ct. App. 2005), we discussed the applicability of Tenn. R. Civ. P. 60.02(4) in cases where paternity testing has shown that the putative father is not the biological father:

> Our case law clearly rejects a bright-line rule that properly admitted genetic tests conclusively excluding a legal father from paternity automatically entitle the legal father to relief under Rule 60.02. ***State ex rel. Ellis v. Humes***, No. W2004-00602-COA-R3-JV, 2005 WL 562753, at *3 (Tenn.Ct.App. Mar.10, 2005) ( no perm. app. filed ); ***Richards v. Read***, No. 01A01-9708-PB00450, 1999 WL 820823 at *12 (Tenn.Ct.App. July 27, 1999) ( no perm. app. filed ) (Cottrell, J, concurring). Rather, the determination of whether Rule 60.02 relief is appropriate depends on a weighing of the equities of the case. ***Ellis***, 2005 WL 562753 at *3. "[T]he gravamen of Rule 60.02(4) relief in these types of cases lies in equity." ***Id***. at *4. In ***Richards v. Read***, Judge Cottrell noted in her concurring opinion "that every father who has voluntarily acknowledged paternity and who is later proved not to be the child's biological father may be relieved from the parental obligation he previously undertook ... is not the current state of the law." ***Richards***, 1999 WL 820823 at *12.

> A man who voluntarily has legitimated a child has declared that he is the child's natural father. Accordingly, he will be held to the same duty of support unless his parental rights are terminated or the balance of equities weighs in favor of releasing him from that duty. ***Richards v. Read***, No. 01A01-9708-PB00450, 1999 WL 820823 at *7 (Tenn.Ct.App. July 27, 1999) ( no perm. app. filed ) (Cottrell, J, concurring)(citing ***Evans v. Evans***, 125 Tenn. 112, 140 S.W. 745 (1911)).... "Rule 60.02(4) enables a court to relieve a party from an order of legitimation when it is no longer equitable that the judgment should have prospective effect."

*Id*. at 76-77. As stated above, Mr. Dodd petitions for relief on the sole ground that DNA testing has excluded his paternity in this case. However, pursuant to the above authority, this fact alone does not, *ipso facto*, mandate relief from a previous judgment under Tenn. R. Civ. P. 60.02(4). In order to gain relief under Tenn. R. Civ. P. 60.02(4), Mr. Dodd has the burden to show that the equities in this matter weigh in his favor. From our review of the record, he has not met this burden as he has not put forth any basis other than the genetic testing to support his motion. We now turn to whether Mr. Dodd is entitled to relief under Tenn. R. Civ. P. 60.02(5).

Despite its broad language, Tennessee courts have very narrowly construed Tenn. R. Civ. P. 60.02(5)*. **Lethcoe***, 18 S.W.3d 621, 625 (Tenn.2000); ***Underwood***, 854 S.W.2d at 97. The standards of Rule 60.02(5) are more demanding than those applicable to the other grounds for relief under this rule. ***NCNB Nat'l Bank of N.C. v. Thrailkill***, 856 S.W.2d 150, 154 (Tenn.Ct.App.1993). Relief under Rule 60.02(5) is only appropriate in cases involving extraordinary circumstances or extreme hardship. ***Lethcoe***, 18 S.W.3d at 624 (citing ***Underwood***, 854 S.W.2d at 97). Turning to the record, we note that there is neither a transcript of the evidence from the July 12, 2006 hearing on Mr. Dodd's motion, nor is there a Tenn. R. Civ. P. 24 statement of the evidence. Consequently, our review of the trial court's reasoning in granting Mr. Dodd motion is found in the August 11, 2006 Order, which states, in pertinent part:

> 2. That the genetic test report concludes that the alleged Father, Ronald L. Dodd, cannot be the biological Father of * * *, since he and the child do not share the necessary paternal markers in multiple genetic systems..., and,
>
> 3. That, based on said DNA testing, the Motion to Cease Child Support filed by Ronald L. Dodd, and to forgive and dismiss any arrears is hereby granted by this Court.

The results of genetic testing alone are not sufficient grounds for relief under the stringent

requirements of Tenn. R. Civ. P. 60.02(5). This fact, coupled with the lack of any specific findings constituting "extraordinary circumstances or extreme hardship," and the absence of a transcript or statement of the evidence from which this Court might make such findings, leads us to conclude that the trial court abused its discretion in granting relief in this case.

For the foregoing reasons, we reverse the order of the trial court insofar as it forgives Mr. Dodd's retroactive child support obligations, and insofar as it forgives his child support obligation going forward. We remand the matter for such further proceedings as may be necessary and consistent with this opinion. Costs of this appeal are assessed against the Appellee, Ronald L. Dodd, for which execution may enter if necessary.

_____
J. STEVEN STAFFORD, J.