

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2007

# Gordon v. Monoson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1233

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gordon v. Monoson" (2007). *2007 Decisions.* Paper 1095.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1095

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———

NO. 06-1233

———

TEDROY GORDON

v.

DAVID MONOSON; ERIC BERRY

David Monoson,
Appellant

———

On Appeal From the District Court
of  the Virgin Islands
Division of St. Thomas and St. John
(D.C. Civil Action No. 84-cv-00260)
District Judge:  Hon. Curtis V. Gomez

———

Argued May 8, 2007

BEFORE:  SLOVITER, STAPLETON and
VAN ANTWERPEN, Circuit Judges

(Opinion Filed  May 17, 2007)

———

George M. Miller (Argued)
1212 Bjerge Gade
Charlotte Amalie, St. Thomas
USVI 00802
  Attorney for Appellee

Charles S. Russell, Jr. (Argued)
Moore, Dodson & Russell
P.O. Box 310, 5035 Norre Gade
Charlotte Amalie, St. Thomas
USVI 00804
  Attorney for Appellant

_____

OPINION OF THE COURT

_____

STAPLETON, *Circuit Judge*

In a tort case in 1988, a jury awarded Tedroy Gordon $50,000 in damages, for which David Monoson and his co-defendant, Eric Berry, were jointly and severally liable. Monoson appeals from an order of the District Court denying his motion under Fed. R. Civ. P. 60(b), which he made in 2005, to set aside the judgment against him.[1]  We will affirm.

I

In July 1984, Gordon sued police officers Monoson and Berry and the Government

_____

[1]The District Court had jurisdiction under 28 U.S.C. § 1343, and this Court has jurisdiction under 28 U.S.C. § 1291.

of the Virgin Islands, alleging that the officers attacked him without provocation.

Although the Attorney General initially represented the government and the officers, it moved during pretrial to have the complaint dismissed against the government and for leave to withdraw as counsel for Monoson and Berry. The District Court granted both motions on November 6, 1987. On June 2, 1988, the District Court held a jury trial at which Monoson and Gordon were not present, though attorney Leonard Francis entered an appearance on their behalf. The jury found both officers liable, and awarded Gordon $50,000, for which Monoson and Berry were jointly and severally liable.

On June 27, 1988, Monoson and Berry had Francis file a motion seeking relief from the judgment under Fed. R. Civ. P. 59 and 60(b). According to the officers' affidavits, they were not informed of the trial date or of the Attorney General's withdrawal as their counsel. Both officers asserted that they were outside of the Virgin Islands on the day of trial and that when they returned—Monoson on June 3 and Berry on June 13—they were surprised to learn that a trial had been held in their absence and that they were liable to Gordon for $50,000. Though the motion focused on arguing that the damage award was grossly excessive, it also called the District Court's attention to the procedural deficiencies alleged in the affidavits.[2] The District Court denied the motion,

---

[2]The relevant portion of the motion stated as follows:

> Finally, defendants was [*sic*] not served for this proceeding and was [*sic*] under the impression that the Government attorney may provide a defense. Prior to the commencement of the trial said defendants were off-

and Monoson and Berry did not appeal. Though the District Court issued a writ of execution on the judgment on March 8, 1989, it does not appear from the record that Gordon ever collected on the judgment or that he had any further contact with Monoson until 2005.

## II

On January 25, 2005, nearly 16 years after the District Court issued the writ, Gordon filed a motion for another writ of execution on the judgment. By that time, Berry had died, as had the District Judge who presided over the 1988 jury trial. The Court issued the writ on April 21, 2005, calculating the amount due as $116,760.48, which represented the $50,000 judgment and the interest that had since accrued.

Monoson moved to quash the writ and for relief from the judgment under Fed. R. Civ. P. 60(b). Monoson argued that the judgment should be set aside as void under Rule 60(b)(4) because the proceedings violated his due process rights and because the Court lacked subject matter jurisdiction after it dismissed the government from the case.[3]

island. Further, the undersign [*sic*] was retained by the Police Benevolent Association to represent defendant.

Affidavit is attached in support of this matter.

J.A. at 97.

[3]The District Court rejected Monoson's challenge to its subject matter jurisdiction, on the merits and Monoson does not renew that argument on appeal. A judgment in which the rendering court lacked subject matter jurisdiction is only "void" within the meaning of rule 60(b)(4) where the court's error was egregious, and no arguable basis for jurisdiction exists. *See Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000). Monoson does not renew his challenge to the District Court's subject matter

4

Monoson also argued that the judgment should be set aside for "extraordinary circumstances" under Rule 60(b)(6).

On December 2, 2005, the District Court held a hearing and received testimony from Monoson, Francis, and an Assistant Attorney General who participated in the pretrial phase of the jury trial. The District Court denied Monoson's motion for relief. In its order denying Monoson's motion, the District Court held that Monoson's motion was untimely, having been filed 17 years after the jury verdict against him when it was undisputed that Monoson learned of the verdict at least as early as June 1988. The District Court also held that, even if Monoson's Rule 60(b) motion was timely, it was an improper attempt to relitigate issues already decided. The District Court noted that Monoson had previously raised his due process arguments in his post-trial motion in 1988, and that he did not appeal from the District Court's denial of that motion. Monoson now appeals to this Court from the District Court's denial in 2005 of his Rule 60(b)(4) motion.

### III

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . . for the following reasons: . . . (4) the judgment is void; . . . ; or (6) any other reason justifying

jurisdiction in this appeal, and it does not appear from the record that the District Court erred in continuing to exercise subject matter jurisdiction over the case, particularly where Monoson never challenged the District Court's exercise of jurisdiction in 1988.

relief from the operation of the judgment." The Rule also provides that where the basis for a motion under Rule 60(b) is not fraud, mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence, "[t]he motion shall be made within a reasonable time."

A

A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *See generally Ackerman v. United States*, 340 U.S. 193, 202 (1950); *Klapprott v. United States*, 335 U.S. 601, 613-14 (1949); 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2864, at 357 (2d ed. 1995). Monoson's 2005 motion was not specific about what circumstances entitled him to relief under Rule 60(b)(6) that were distinct from his challenge to the judgment under Rule 60(b)(4). In his brief filed with this Court, Monoson refers to his contentions that he was incompetently represented throughout the proceedings against him, and asserts that the judgment against him is an "unexpected hardship." Where it is undisputed that most, if not all, of the conduct that forms the basis of Monoson's motion under Rule 60(b)(6) was known to him in 1988, we find no abuse of discretion in the District Court's ruling that the portion of his motion seeking relief under Rule 60(b)(6) was untimely. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that a motion brought under Rule 60(b)(6) two years after the district court's judgment was untimely where "the reason for

6

the attack upon that judgment was available for attack upon the original judgment").

B

We agree with the District Court's holding that Monoson's due process challenge under Rule 60(b)(4) was based on the same grounds as his Rule 60(b) motion in 1988, and that his failure to appeal the District Court's 1988 denial of that motion precluded him from raising his due process challenge in 2005. We have held that a Rule 60(b)(4) motion is not subject to the general requirement of Rule 60(b) that it be made "within a reasonable time." *United States v. One Toshiba Color Television*, 213 F.3d 147, 157-58 (3d Cir. 2000) (en banc). It is also true that we have allowed parties to file motions under Rule 60(b)(4) where the grounds for the voidness challenge were available at the time of judgment and where the party challenging that judgment failed to pursue those grounds in an appeal. *Friedman v. Wilson Freight Forwarding Co.*, 320 F.2d 244, 247 (3d Cir. 1963) (addressing the appellant's Rule 60(b)(4) challenge on the merits after finding an "inexcusable failure to raise an available contention by direct appeal followed by an attempt to litigate the matter later by a motion for post-judgment relief under Rule 60(b)"); *see also Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1230 (8th Cir. 2000) (stating, after finding that the plaintiffs used their Rule 60(b)(4) motion as an improper substitute for an appeal, that "Kocher's Rule 60(b)(4) motion may nevertheless succeed . . . if the absence of jurisdiction was so glaring as to constitute a 'total want of jurisdiction' or a plain usurpation of power' so as to render the judgment void from its inception.").

7

We have also suggested that, where a party has already filed another Rule 60(b) motion in the same case on *other* grounds and appealed from the denial of that motion, that fact would not preclude the party from subsequently filing a Rule 60(b)(4) motion. *See Page v. Schweiker*, 786 F.2d 150 (3d Cir. 1986). Monoson points us to no authority, however, and we have found none, that requires a District Court to entertain a Rule 60(b)(4) motion where the moving party has previously filed a Rule 60(b)(4) motion on the *same grounds* and lost. In his motion in 2005, Monoson argued that the 1988 judgment against him was void for lack of due process because: (1) he was not notified of his trial date or the fact that the government had withdrawn as his counsel, (2) the government abandoned him without his knowledge and, while it represented him it acted against his interest by asserting in its motion to dismiss that Monoson and Berry were "acting as private citizens" in their altercation with Gordon and thereby undermining Monoson's ability to argue for a defense of qualified immunity, and (3) he was represented at a trial in his absence by an attorney he had not authorized to represent him, who was introduced to the case on the morning of trial, and who did not present any evidence on his behalf. Although Monoson's 2005 motion is better written and more comprehensive than his 1988 motion, both make the same challenge to the judgment against him, and the District Court rejected that challenge in 1989.

The problem with Monoson's Rule 60(b)(4) motion is thus not that it comes 17 years after the District Court's judgment or that it is his second Rule 60(b) motion in this

8

case. Rather, it is that Monoson has already filed a Rule 60(b)(4) motion in this case challenging the judgment *on the same grounds* and lost that challenge. Although a Rule 60(b)(4) motion may be filed at any time, a District Court need not consider anew the same arguments raised in successive motions merely because those motions seek relief under Rule 60(b)(4). *See Latham v. Wells Fargo Bank*, 987 F.2d 1199, 1203-04 (5th Cir. 1993) ("By filing a Rule 60(b) motion following the denial of an earlier virtually identical post-trial motion, Latham is using the second motion . . . as an attempt to resurrect the then expired period in which to appeal the denial of the first motion. This procedural ploy cannot be allowed to succeed."); 12 James W. Moore, *Moore's Federal Practice* § 60.69, at 60-218 to 60-218.1 (3d ed. 2006). Because the District Court had already rejected Monoson's arguments that the judgment is void for lack of due process, it was not required to consider those arguments anew in 2005 where no new circumstances had arisen other than Gordon's renewal of his efforts to collect the judgment.[4]

Monoson argues, however, that he should not be bound by the District Court's 1989 order denying his motion because he did not receive notice of that order. Gordon

---

[4]In denying Monoson's motion, the District Court cited the Supreme Court's discussion of claim and issue preclusion in *New Hampshire v. Maine*, 532 U.S. 742 (2001), and Gordon argues in defense of the District Court's judgment that claim preclusion barred Monoson's 2005 motion. This argument is incorrect. A motion under Rule 60(b) is a direct attack on a judgment, and preclusion doctrines generally do not apply. *See Plotner v. AT&T*, 224 F.3d 1161, 1174 (10th Cir. 2000); *Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir. 1985); 18 *Moore's Federal Practice* § 131.02[1][a], at 131-13.

disputes Monoson's version of the facts,[5] but even if Monoson's factual assertions are correct, his argument must fail. Our court and others have held that implicit in the rules setting limits on the time during which a party may file an appeal is a duty of parties to inquire periodically into the status of their litigation, and lack of actual notice will generally not excuse a party from the consequences of his failure to file a timely appeal from an adverse judgment. *See Latham*, 987 F.2d at 1201-02; *Hall v. Cmty. Mental Health Ctr. of Beaver County*, 772 F.2d 44, 44-45 (3d Cir. 1985); *Spika v. Vill. of Lombard, Ill.*, 763 F.2d 282, 285-86 (7th Cir. 1985). Although Monoson's 1988 motion raised due process concerns about his jury trial, those concerns are inapplicable to his post-trial proceedings. Monoson does not dispute that he was aware of the existence of the post-trial proceedings, and that he asked Francis to file the 1988 motion for relief from the judgment against him. Under these circumstances, we will not excuse Monoson from the consequences of his failure to appeal from the District Court's order denying the motion.

---

[5]At the evidentiary hearing before the District Court in 2005, Francis testified that he informed Monoson in 1988 or 1989 that the motion had been denied. Gordon directs the Court's attention to a form completed by the Deputy United States Marshal in 1989, which appears to indicate that the Marshal served Monoson's co-defendant Berry with his writ by giving it to Monoson, whom the Marshal considered to be "[a] person of suitable age and discretion then residing in the defendant's usual place of abode." Monoson testified, however, that Francis never informed him that his motion was denied, that he was not served in 1989 with a writ of execution on the judgment, and that he first learned that his 1988 motion was denied when he received Gordon's motion for a writ of execution on the judgment in March 2005.

10

III

For the foregoing reasons, we will affirm the judgment of the District Court.