IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 17, 2019 Session

## DONITA DALE DOWDEN v. RONALD J. FEIBUS

**Appeal from the Circuit Court for Hamilton County**
**No. 02D1607          J.B. Bennett, Judge**

_____

**No. E2019-00036-COA-R3-CV**
_____

This appeal arose from post-divorce litigation concerning the trial court's distribution of marital assets, specifically the distribution of the marital portion of the husband's federal government pension to the wife. In its divorce decree entered on August 10, 2004, the trial court awarded to the wife "1/2 of [the husband's] Administrative Law Judge Government Pension through the date of this Final Decree." Upon the husband's appeal, this Court affirmed the trial court's judgment in all respects, including the trial court's award to the wife of one-half of the marital portion of the husband's pension. *Dowden v. Feibus*, No. E2004-02751-COA-R3-CV, 2006 WL 140404 (Tenn. Ct. App. Jan. 18, 2006) ("*Dowden I*"). The husband sought no further judicial review at that time. Following his retirement from federal employment on May 1, 2017, the husband received correspondence concerning the calculation of the wife's portion of his pension from the federal government's Office of Personnel Management ("OPM"). On August 2, 2018, the husband filed a "Motion for Clarification and/or Relief from Judgment" contending, *inter alia*, that OPM miscalculated the portion of his pension that would be diverted to the wife because the trial court's final decree was "too vague" and did not "provide sufficient guidance to OPM to allow them to correctly compute" the wife's interest in the pension. On December 6, 2018, the trial court entered an order finding that there was "no lack of clarity" in its final decree and denying the husband's motion. The husband has appealed. Having determined that the trial court did not err in denying the husband's motion, we affirm the judgment of the trial court and remand to the trial court for enforcement of the judgment. We decline to award attorney's fees on appeal to the wife.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ., joined.

Catherine M. White, Chattanooga, Tennessee, for the appellant, Ronald J. Feibus.

Harold L. North, Jr., and Nathan L. Kinard, Chattanooga, Tennessee, for the appellee, Donita Dale Dowden.

## OPINION

### I. Factual and Procedural Background

This case has a lengthy procedural history dating back to August 2, 2002, when the appellee, Donita Dale Dowden, filed a complaint for divorce in the Hamilton County Circuit Court ("trial court") against the appellant, Ronald J. Feibus, after nearly fifteen years of marriage. Following a bench trial, the trial court entered a final decree of divorce on August 10, 2004, wherein the court divided the parties' assets and liabilities. Among the parties' marital assets was Mr. Feibus's pension from his employment with the federal government, a portion of which accrued during the marriage. Mr. Feibus was employed as an administrative law judge from October 20, 2001, until May 1, 2017, and the parties were married on October 29, 1987.[1] The trial court awarded to Ms. Dowden "1/2 of Administrative Law Judge Government Pension through the date of this Final Decree." In addition, the trial court ordered Mr. Feibus to pay alimony in futuro to Ms. Dowden in the amount of $1,000.00 per month.

The trial court subsequently entered an order on October 15, 2004, based on several post-trial motions filed by the parties regarding the cash value of particular assets. The court's October 15, 2004 order amended its previous final decree of divorce concerning the cash value of those assets. The court further ordered Mr. Feibus to, *inter alia*, "refinance the marital residence and pay to [Ms. Dowden], on or before December 31, 2004, the sum of $158,056.28" and ordered Ms. Dowden to "execute all necessary documents to effect the refinancing of the marital residence." On October 22, 2004, Mr. Feibus filed a "Motion for Clarification or to Alter or Amend" in which he alleged, in part, that Ms. Dowden was "unwilling to sign the necessary paperwork" to effectuate the refinancing of the marital residence and that Ms. Dowden's actions had already cost Mr. Feibus approximately $2,000.00 in brokerage fees. The trial court subsequently entered an "Agreed Order Regarding Disbursement of Funds" on December 6, 2004, which provided that Mr. Feibus had paid the $158,056.28 previously ordered by the court. Upon receipt of the funds, the court stated that Ms. Dowden "shall deliver to [Mr. Feibus's] counsel the fully executed quitclaim deed."

---

[1] Because the appellant has referred to himself throughout the pleadings as "Mr. Feibus," rather than "Judge Feibus," we likewise will refer to him as "Mr. Feibus" throughout this opinion for ease of reference and consistency. No disrespect is intended.

Mr. Feibus timely appealed to this Court from the trial court's final order. *See Dowden I*, 2006 WL 140404. Concerning Mr. Feibus's first appeal, this Court enumerated the issues he raised as follows:

> [W]hether the Trial Court erred in awarding alimony in futuro instead of rehabilitative alimony; whether the Trial Court erred in awarding [Ms. Dowden] one-half of [Mr. Feibus's] federal pension when part of this pension was earned prior to the marriage; and whether the Trial Court erred in awarding a division of [Mr. Feibus's] 1998 personal injury award.

*Id*. at *7 (numbering omitted). This Court affirmed the trial court's judgment in all respects, including the issue of whether the trial court erred in awarding Ms. Dowden one-half of Mr. Feibus's federal pension, specifically holding that "the trial court awarded [Ms. Dowden] only one-half of that portion of [Mr. Feibus's] federal pension earned from the date [Mr. Feibus] became an administrative law judge to the date of the divorce decree." *Id*. at *10. When Ms. Dowden subsequently remarried in 2012, the trial court entered an order on March 21, 2012, terminating the alimony payments previously awarded to her.

Several years later, on August 2, 2018, Mr. Feibus filed a "Motion for Clarification and/or Relief from Judgment," and he filed a brief in support thereof on August 24, 2018. In his motion, Mr. Feibus referenced Tennessee Rule of Civil Procedure 60, seeking clarification of the trial court's 2004 final decree with respect to the calculation of the portion of his pension that was subject to equitable division. According to Mr. Feibus, at the time of his retirement as administrative law judge, he had earned 248 months of federal employment service, which included pre-marital, marital, and post-divorce months. As an illustration, Mr. Feibus submitted his own calculation of an equitable division of his pension. Mr. Feibus also averred that the trial court "should instruct [OPM] to consider only the number of months the Defendant worked as an Administrative Law Judge during the marriage and his earnings during that time in computing [Ms. Dowden's] share of [Mr. Feibus's] [p]ension," arguing that "OPM has incorrectly calculated [Ms. Dowden's] portion" of the pension "based on [Mr. Feibus's] entire service record." As such, Mr. Feibus posited that the trial court's final decree was "too vague and does not provide sufficient guidance." Accordingly, Mr. Feibus requested that the trial court issue an order of clarification "instructing OPM as to the exact number of months and the earnings during those months they should use to compute [Ms. Dowden's] share of [Mr. Feibus's] [p]ension."

In a reply filed on September 24, 2018, Ms. Dowden argued, *inter alia*, that Mr. Feibus's motion should be denied because it was untimely. She also averred that the trial court properly followed Tennessee law in rendering its final divorce decree. Mr. Feibus filed an amended motion on September 28, 2018, in which he restated his position that the trial court's previous final decree incorporating the court's memorandum opinion was

- 3 -

"too vague and [did] not provide ample guidance to the [g]overnment." Mr. Feibus also renewed his request for an order of clarification regarding the mathematical formula that OPM should use to calculate his pension.

Mr. Feibus subsequently filed additional briefs in support of his amended motion, contending in part that "the OPM computation is both unfair to him and represents an improper application" of Tennessee law. Furthermore, Mr. Fiebus asserted that the trial court's final decree of divorce was legally insufficient because it did not provide a "methodology for determining the marital portion of the [pension]." Mr. Feibus again provided a calculation of what he claimed was an appropriate and equitable division of his pension.

On November 26, 2018, Ms. Dowden filed a reply, asserting that the brief filed by Mr. Feibus on November 20, 2018, was untimely based upon the trial court's purported instruction during an October 29, 2018 hearing that Mr. Feibus was to file a brief on or before November 19, 2018, addressing the "impact/affect" that three particular appellate decisions would have on the trial court's determination. Furthermore, Ms. Dowden averred that Mr. Feibus only devoted "roughly one page of his eleven [] page brief in responding to the Court's inquiry about the applicability of the three referenced cases, and indicates that those cases '. . . offer[] no relevant guidance to this case.'" Ms. Dowden again argued that OPM had made the correct determination of the calculation of her interest in Mr. Feibus's pension based on applicable Tennessee law.

By order entered on December 6, 2018, the trial court stated that Mr. Feibus's motion "in effect asks this Court [to] modify the decision of the Office of Personnel Management." The trial court determined that there was "no lack of clarity to its order," explaining that "the formula outlined by this Court in the final decree of August 10, 2004" was "perfectly clear" and had been "affirmed by the Court of Appeals." Furthermore, the trial court stated that "[i]f the moving party has an issue with the way and manner in which the formula was applied, that is a matter to be taken up with the Office of Personnel Management and not with this Court."

Mr. Feibus timely appealed. On March 26, 2019, Mr. Feibus filed a notice, pursuant to Tennessee Rule of Appellate Procedure 24(d), that he would not be filing a transcript or statement of the evidence.

## II. Issues Presented

Mr. Feibus presents a single issue on appeal, which we have restated as follows:

1. Whether the trial court erred in denying Mr. Feibus's amended motion seeking clarification of and/or relief from its previous final judgment.

Ms. Dowden presents two additional issues on appeal, which we have likewise restated as follows:

2.      Whether Mr. Feibus's arguments meet any of the grounds for relief enumerated in Tennessee Rule of Civil Procedure 60.02.

3.      Whether this appeal is frivolous pursuant to Tennessee Code Annotated § 27-1-122 (2017).

## III.  Standard of Review

Our Supreme Court has previously explained the standard of review applicable to requests for relief filed pursuant to Tennessee Rule of Civil Procedure 60.02 as whether the trial court abused its discretion. *See Turner v. Turner*, 473 S.W.3d 257, 268 (Tenn. 2015).[2] A trial court abuses its discretion only when it applies an incorrect legal standard, reaches an illogical result, commits clear error in its assessment of the evidence, or relies upon flawed reasoning that results in an injustice. *Armbrister v. Armbrister*, 414 S.W.3d 685, 693 (Tenn. 2013). "The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

## IV.  Request for Relief from a Final Judgment

In his August 2, 2018 "Motion for Clarification and/or Relief from Judgment" and his brief on appeal, Mr. Feibus has claimed that "OPM incorrectly computed [Ms. Dowden's] share of his pension due to a lack of proper instruction from the Trial Court."[3] Consequently, Mr. Feibus contends that "because of the lack of the requisite findings and instructions in the 2004 Trial Court Order, the Trial Court must revisit the equitable division of this disputed pension and establish what was to be divided and explain exactly how it was to be divided in accordance with" applicable law. In its final ruling, the trial court considered Mr. Feibus's motion as one that "in effect asks [the trial court] to

---

[2] The exception to utilization of the abuse of discretion standard when reviewing a Rule 60.02 motion occurs when a party seeks relief from a judgment under Tennessee Rule of Civil Procedure 60.02(3), which states that a court may relieve a party from a final judgment if "the judgment is void." Tenn. R. Civ. P. 60.02(3). We review a trial court's ruling on a request of relief under Rule 60.02(3) *de novo* with no presumption of correctness. *See Turner*, 473 S.W.3d at 269.

[3] We note that the Tennessee Rules of Civil Procedure do not specifically provide for a motion for "clarification." *See Winningham v. Findlay Indus.*, No. M2002-02059-WC-R3-CV, 2003 WL 1978271, at *1 (Tenn. Workers' Comp. Panel April 30, 2003) (concluding that there is "no such thing as a motion to clarify" under Tennessee Rules of Civil Procedure 59 and 60).

modify the decision of the Office of Personnel Management." The trial court also concluded that there was "no lack of clarity" regarding its previous order, which awarded to Ms. Dowden "1/2 of [Mr. Feibus's] Administrative Law Judge Government Pension through the date of this Final Decree."[4]

An issue concerning Mr. Feibus's federal pension was raised in the previous appeal. In affirming the trial court's division of the marital portion of Mr. Feibus's pension, this Court explained in *Dowden I*:

> Husband contends that the Trial Court divided his entire federal pension including that portion earned pre-maritally. As we read the Trial Court's Memorandum Opinion, the Trial Court awarded each party "1/2 of Administrative Law Judge Government Pension through the date of this Final Decree." Husband became an administrative law judge after the parties married, but before Wife filed for divorce. As such, the Trial Court distributed only that portion of Husband's federal pension earned from the date Husband became an administrative law judge to the date that the Trial Court granted the divorce. Thus, the Trial Court did not award Wife any portion of Husband's federal pension earned prior to the marriage. If there should be any ambiguity as to exactly what the Trial Court held on this, we specifically find and hold that the Trial Court awarded Wife only one-half of that portion of Husband's federal pension earned from the date Husband became an administrative law judge to the date of the divorce decree. We find no error in the Trial Court's award to Wife of one-half of that portion of Husband's federal pension earned during the marriage.

*Dowden I*, 2006 WL 140404, at *10.

Following the first appeal in *Dowden I*, Mr. Feibus neither filed a petition to rehear with this Court nor sought permission to appeal to the Supreme Court. Thus, our mandate issued after the first appeal "marked the final disposition and the end of this case, barring extraordinary relief" pursuant to Tennessee Rule of Civil Procedure 60. *See Tindell v. West*, No. E2012-01988-COA-R3-CV, 2013 WL 6181997, at *4 (Tenn. Ct. App. Nov. 25, 2013) (citing *Swift v. Campbell*, 149 S.W.3d 565, 573 (Tenn. Ct. App. 2004) ("If a timely notice of appeal is filed in a civil case, and the judgment is affirmed on appeal, the judgment becomes final upon the issuance of the appellate court's mandate.")).

In the current appeal, Mr. Feibus relies on Tennessee Rule of Civil Procedure 60

---

[4] We note that in the present action, Mr. Feibus did not file a motion for amended or additional findings pursuant to Tennessee Rule of Civil Procedure 52.02, which in any event would have been untimely following thirty days after entry of the final judgment.

as a basis for relief from the trial court's order. Mr. Feibus stated in his August 2, 2018 motion that "Rule 60(3) of the T.R.C.P." provided him a predicate for the relief sought. However, in his amended motion filed on September 28, 2018, Mr. Feibus specifically relied on "Rule 60(5) of the T.R.C.P." From these two motions, it is not clear upon which specific subsection of Tennessee Rule of Civil Procedure 60.02 Mr. Feibus relies. Accordingly, we will consider each subsection of Rule 60.02 in turn.

As our Supreme Court has recently elucidated concerning relief from final judgments or orders under Tennessee Rule of Civil Procedure 60 generally:

> A judgment or order of final disposition that adjudicates the rights and claims of all the parties to an action becomes final thirty days after it is entered. *See* Tenn. R. Civ. P. 58, 59; *see also* Tenn. R. Civ. P. 54; Tenn. R. App. P. (3)(a); *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 133 (Tenn. 2013). Within thirty days of entry of an order, a party may seek relief from the order by filing a motion under Tennessee Rule of Civil Procedure 59.02. *Discover Bank v. Morgan*, 363 S.W.3d 479, 489 (Tenn. 2012). A party who waits more than thirty days after entry of an order to seek relief must do so under Rule 60.02. *Id.* (citing *Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn. 1977)).

> Rule 60.02 allows relief from a final order under limited circumstances. The general purpose of Rule 60.02 is "to alleviate the effect of an oppressive or onerous final judgment." *Black v. Black*, 166 S.W.3d 699, 703 (Tenn. 2005) (quoting *Killion v. Dep't of Human Servs.*, 845 S.W.2d 212, 213 (Tenn. 1992)) (internal quotation marks omitted). Rule 60.02 aims "to strike a proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). Relief under Rule 60.02 is not available to a party whose circumstances change after entry of the judgment or to a party "dissatisfied with a particular outcome." *Furlough*, 397 S.W.3d at 127-28 (Tenn. 2013) (quoting *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 336 (Tenn. 2010)) (internal quotation marks omitted). Rule 60.02 is "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). This escape valve "should not be easily opened." *Furlough*, 397 S.W.3d at 127 (quoting *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991)) (internal quotation marks omitted).

> Rule 60.02 provides that after an order is final, a court may relieve a party from a final judgment "[o]n motion and upon such terms as are just," based on the following grounds:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) fraud . . ., misrepresentation, or other misconduct of an adverse party;

(3) the judgment is void;

(4) the judgment has been satisfied, released or discharged . . . or

(5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02. Motions made under Rule 60.02 must be filed within a "reasonable time," except that motions brought under (1) and (2) must be filed within one year after entry of the judgment. *Id*. Motions under subsection (3) are not subject to the reasonable time filing requirement, but relief "may be denied if certain exceptional circumstances exist." *Turner v. Turner*, 473 S.W.3d 257, 279 (Tenn. 2015).

To obtain relief under Rule 60.02, the moving party "must describe the basis of relief with specificity," *Minor Miracle Prods., LLC v. Starkey*, No. M2011-00072-COA-R3-CV, 2012 WL 112593, at \*7 (Tenn. Ct. App. Jan. 12, 2012) (citing *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn. 1978)), and establish by clear and convincing evidence that she is entitled to relief. *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). "Evidence is clear and convincing when it leaves 'no serious or substantial doubt about the correctness of the conclusions drawn.'" *Goff v. Elmo Greer & Sons Constr. Co.*, 297 S.W.3d 175, 187 (Tenn. 2009) (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992)).

*Hussey v. Woods*, 538 S.W.3d 476, 482-83 (Tenn. 2017).

Concerning the first two subsections of Rule 60.02, Mr. Feibus has failed to present any substantive argument regarding those provisions that was supported by a citation to the trial court's order, the record, or to relevant authority. As this Court has previously stated, "[p]arties cannot expect this court to do [their] work for them. This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter to consider issues raised but not argued in the brief." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (citing *England v. Burns Stone Co., Inc.*, 874 S.W.3d 32, 35 (Tenn. Ct. App. 1993)). In the case at bar, because Mr. Feibus has failed to present arguments concerning Rule 60.02(1) and (2) and because, in any event, such motions

must be made within one year of the judgment, *see* Tenn. R. Civ. P. 60.02, we conclude that Mr. Feibus has not established that he is entitled to relief by reason of these subsections.

Concerning Rule 60.02(3), notwithstanding the fact that Mr. Feibus initially referenced subsection (3) as a ground for relief in his August 2, 2018 motion, our review of the record demonstrates that there is no basis for a claim that the trial court's 2004 judgment was void. Moreover, Mr. Feibus presents no argument regarding voidness of the order. Instead, he argues that the trial court's 2004 order was "too vague" to equitably divide the pension despite this Court's subsequent determination to the contrary. *See Dowden I*, at *10 (discerning no error in the trial court's equitable division of the marital portion of Mr. Feibus's pension). As our Supreme Court has previously stated with regard to Rule 60.02(3), "a judgment is void if it appears on the face of the record itself that the court lacked subject matter jurisdiction, the judgment was outside of the pleadings, or the court lacked jurisdiction over the parties." *Hussey*, 538 S.W.3d at 483 (quoting *Turner*, 473 S.W.3d at 270). Based on our *de novo* review of the record, Mr. Feibus has not demonstrated any basis for a determination that the trial court's final judgment was void. *See McCracken v. Brentwood United Methodist Church,* 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). Ergo, we conclude that Mr. Feibus is not entitled to relief pursuant to Rule 60.02(3).

As with Rule 60.02(1) and (2), absent raising "Rule 60" as a basis for relief in his motions and supporting briefs, Mr. Feibus has failed to present any substantive argument regarding Tennessee Rule of Civil Procedure 60.02(4) that is supported by a citation to the trial court's order, the record, or relevant authority. Moreover, Mr. Feibus has failed to present any argument that the trial court's 2004 order "has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application." Tenn. R. Civ. P. 60.02(4). As such, we deem any argument concerning Rule 60.02(4) to be waived. *See Bean*, 40 S.W.3d at 55.

Finally, with respect to Tennessee Rule of Civil Procedure 60.02(5), Mr. Feibus ostensibly relies on this subsection in his September 28, 2018 amended motion. As our Supreme Court has instructed with respect to this subsection:

Rule 60.02(5) functions as a catch-all to provide equitable relief when relief is not available under the other subsections. *Duncan v. Duncan*, 789 S.W.2d 557, 564 (Tenn. Ct. App. 1990). Its language is open-ended but subject to a narrow interpretation. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). The rule "affords relief in the most extreme, unique, exceptional, or extraordinary cases and generally applies to only circumstances other than those contemplated in sections (1) through (4) of Rule 60.02." *Furlough*, 397 S.W.3d at 128 (quoting *Holiday v.*

*Shoney's South, Inc.*, 42 S.W.3d 90, 94 (Tenn. Ct. App. 2000) (internal quotation marks omitted). Reasons justifying relief are found only "in cases of overwhelming importance or in cases involving extraordinary circumstances or extreme hardship." *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000) (citing *Underwood*, 854 S.W.2d at 97).

The standards of Rule 60.02(5) are more demanding than those applicable to the other grounds for Rule 60.02 relief. *In re Joeda J.*, 300 S.W.3d 710, 716 (Tenn. Ct. App. 2009) (quoting *Wilkerson v. PFC Global Grp., Inc.*, No. E2003-00362-COA-R3-CV, 2003 WL 22415359, at *9 (Tenn. Ct. App. Oct. 23, 2003)). "The bar for obtaining relief is set very high," and the moving party bears a heavy burden. *DeLong v. Vanderbilt Univ.*, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005) (citing *Johnson v. Johnson*, 37 S.W.3d 892, 895 n.2 (Tenn. 2001), *overruled by Howell v. Howell*, __U.S.__, 137 S.Ct. 1400, 197 L.Ed.2d 781 (2017)). A Rule 60.02(5) motion "is not to be used to relieve a party from 'free, calculated, and deliberate choices he has made;' a party remains under a duty to take legal steps to protect his own interests." *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 19 (Tenn. 1991) (quoting *Cain* [*v. Macklin*], 663 S.W.2d [794, 796 (Tenn. 1948)]).

\* \* \*

A motion under the catch-all provision of subsection (5) filed more than a year after final judgment is generally untimely unless extraordinary circumstances excuse the party's failure to seek relief sooner. *Taylor v. Wetzel*, No. 4:CV-04-553, 2014 WL 5242076, at *6 (M.D. Pa. Oct. 15, 2014) (quoting *Gordon v. Monoson*, 239 Fed. Appx. 710, 713 (3d Cir. 2007)) (construing Federal Rule of Civil Procedure 60(b)(6)).[fn] A claim under Rule 60.02(5) cannot be asserted "simply because relief under other provisions [of Rule 60.02] is time barred." *Furlough*, 397 S.W.3d at 128 (quoting *Wallace v. Aetna Life & Cas. Co.*, 666 S.W.2d 66, 67 (Tenn. 1984)) (internal quotation omitted). "An untimely request under Rule 60.02(1) or (2) may not be asserted under Rule 60.02(5)." *Id*. at 128.

[fn] When interpreting the Tennessee Rules of Civil Procedure, we are guided by the decisions of the federal courts interpreting comparable Federal Rules of Civil Procedure. *Turner*, 473 S.W.3d at 268 (citing *Thomas v. Oldfield*, 279 S.W.3d 259, 261-62 (Tenn. 2009)). The catch-all provision of Tennessee Rule 60.02(5) is comparable to federal Rule 60(b)(6). *Compare* Tenn. R. Civ. P. 60.02(5), *with* Fed. R. Civ. P. 60(b)(6).

*Hussey*, 538 S.W.3d at 485-87. Moreover, a party seeking relief under Rule 60.02(5) must demonstrate that he or she is entitled to relief by clear and convincing evidence. *Henderson*, 318 S.W.3d at 336. Our High Court has also made clear that "Rule 60.02 does not permit a litigant to . . . relitigate issues long since laid to rest." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990).

We note that Mr. Feibus's Rule 60.02 motion was filed nearly fourteen years following entry of the trial court's order from which he sought relief. Although Mr. Feibus does not argue that the delay was reasonable, the record does indicate that Mr. Feibus received a letter from OPM dated June 12, 2018, indicating that Ms. Dowden had applied for her portion of the pension. Apparently in response to this letter, Mr. Feibus filed his August 2, 2018 motion arguing, *inter alia*, that OPM erred in computing the payment to Ms. Dowden because the 2004 judgment was "too vague and does not provide sufficient guidance to OPM."

Despite Mr. Feibus's assertion on appeal that his August 2, 2018 motion "was never a dispute over the 2004 Trial Court's Order to equitably divide the pension 50/50% to each party," Mr. Feibus sought redress in the trial court to "clarify/amplify the 2004 Trial Court Order, and to include the required findings for a proper equitable division of his pension" under Tennessee Rule of Civil Procedure 60.02(5). In its December 6, 2018 order, the trial court stated in relevant part:

> The Office of Personnel Management applied the formula outlined by [the trial court] in the final decree of August 10, 2004, [which was] affirmed by the Court of Appeals. . . . Upon careful review of this cause in its entirety, the Court finds that there is no lack of clarity to its order.

Upon our thorough review of the record, we agree and determine that the trial court did not err in denying Mr. Feibus's Rule 60.02 motion. The trial court did not apply an incorrect legal standard, reach an illogical result, commit clear error in its assessment of the evidence, or rely on flawed reasoning. *See In re Baby*, 447 S.W.3d 807, 817 (Tenn. 2014). Furthermore, relief under Rule 60.02(5) "is generally untimely if sought more than one year after the final judgment unless extraordinary circumstances excuse the party's failure to seek relief sooner." *Hussey*, 538 S.W.3d at 486. We conclude that the facts of this case do not rise to the level of "extraordinary circumstances" or extreme hardship justifying relief under Rule 60.02(5). *See Hussey*, 538 S.W.3d at 486. Rather, Mr. Feibus is attempting to "relitigate issues long since laid to rest." *See Thompson*, 798 S.W.2d at 238. We therefore affirm the trial court's denial of Mr. Feibus's Rule 60.02 motion.[5]

---

[5] We note that Mr. Feibus has made no argument regarding a clerical error and likewise did not reference Tennessee Rule of Civil Procedure 60.01 as a basis for relief. Moreover, relief under Rule 60.01 is available only when a judgment does "not make sense on its face." *See e.g. Battleson v. Battleson*, 223

## V. Frivolous Appeal

Ms. Dowden has requested an award of attorney's fees incurred in defending this appeal, which she characterizes as frivolous. As this Court has previously explained regarding frivolous appeals:

> Parties should not be forced to bear the cost and vexation of baseless appeals. Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision.

> A frivolous appeal is one that is devoid of merit, or one that has no reasonable chance of succeeding.

*Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003) (internal citations omitted). Similarly, Tennessee Code Annotated § 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Exercising our discretion, we determine that this appeal was not frivolous or taken solely for delay. We therefore decline to award attorney's fees to Ms. Dowden as damages for the filing of a frivolous appeal.

## VI. Conclusion

For the foregoing reasons, we determine that the trial court did not err in denying Mr. Feibus's Rule 60.02 motion, and we affirm the trial court's judgment in this matter.

---

S.W.3d 278, 288 (Tenn. Ct. App. 2006); *see also Burke v. Huntsville NH Operations LLC*, 491 S.W.3d 683, 690 (Tenn. Ct. App. 2015) (declining, under Rule 60.01, to correct an alleged error that was not evident from the face of the record). Mr. Feibus has not presented an argument that the trial court's 2004 judgment was facially flawed or internally inconsistent. Therefore, Rule 60.01 is not addressed in this opinion. We also note that Mr. Feibus raises Tennessee Code Annotated § 36-4-121 (2017) as providing a basis for the relief sought. However, Tennessee Code Annotated § 36-4-121 addresses the factors a court should consider when equitably dividing marital assets and is not a basis for relief from the final judgment in and of itself.

We deny Ms. Dowden's request for an award of attorney's fees as damages for the filing of a frivolous appeal. The case is remanded to the trial court for enforcement of the judgment and collection of costs below. Costs on appeal are taxed to the appellant, Ronald J. Feibus.

_____
THOMAS R. FRIERSON, II, JUDGE